Carolyn LANGLEY, Alberta Succaw, Shirley Furtick and Celeste Cleckley, on behalf of themselves and others similarly situated, Plaintiffs–Appellees,

and

Michelle Burris, Intervenor–Plaintiff–Appellee,

v.

Thomas COUGHLIN, III, Commissioner of the New York State Department of Correctional Services, Elaine Lord, Superintendent, Bedford Hills Correctional Facility, George Duncan, former Lieutenant for Security and Inmate Discipline, Bedford Hills Correctional Facility, Dr. Ronald J. Klug, former New York State Office of Mental Health Satellite Unit Chief, Bedford Hills Correctional Facility, all individually, Defendants–Appellants,

and

Frank Headley, former Superintendent, Bedford Hills Correctional Facility, Defendant.

Corean EVANS, Plaintiff,

v.

Thomas COUGHLIN, III, Commissioner, New York State Department of Correctional Services, Elaine Lord, Superintendent, Bedford Hills Correctional Facility, Frank Headley, former Superintendent, Bedford Hills Correctional Facility, George Duncan, former Lieutenant for Security and Inmate Discipline, Bedford Hills Correctional Facility, and Dr. Ronald J. Klug, former New York State Office of Mental Health Satellite Unit Chief, Bedford Hills Correctional Facility, all individually, Defendants.

Nos. 237, 242, Dockets 89–2184, 89–2186.

United States Court of Appeals, Second Circuit.

Argued Aug. 29, 1989.

Decided Oct. 25, 1989.

Robert A. Spolzino, Mount Kisco, N.Y. (Brett Peter Linn, Leslie Swift Maher, Singleton, Keegan & Spolzino, Mount Kisco, N.Y., on the brief), for defendant-appellant Klug.

Judith A. Gordon, New York City (Robert Abrams, Atty. Gen., Howard L. Zwickel, Chief, Litigation Bureau, Stephen Men-

delsohn, William K. Sanders, Asst. Attys. Gen., New York City, on the brief), for defendants-appellants Coughlin, Lord and Duncan.

Elizabeth L. Koob, New York City (Joan Magoolaghan, Koob, Magoolaghan & Salzman, Ruth Cassell, Prisoners' Legal Services, New York City, on the brief), for plaintiffs-appellees and intervenor-plaintiff-appellee.

Before FEINBERG and NEWMAN, Circuit Judges, and DUMBAULD, Senior District Judge.[*]

DUMBAULD, District Judge:

This is a class action, brought in behalf of mentally ill female prisoners at Bedford Hills Correctional Facility, alleging failure to furnish appropriate medical care, as required by *Estelle v. Gamble*, 429 U.S. 97, 103, 97 S.Ct. 285, 290–91, 50 L.Ed.2d 251 (1976), and placement of prisoners in conditions of confinement amounting to "cruel and unusual punishment," as defined in *Rhodes v. Chapman*, 452 U.S. 337, 346–47, 101 S.Ct. 2392, 2399, 69 L.Ed.2d 59 (1981).

Appellants-defendants (including the New York State Commissioner of Correctional Services, the Superintendent of the prison, a former lieutenant for security and inmate discipline of the prison, and the former prison physician) appeal from the denial by the District Court of their motion for summary judgment. 709 F.Supp. 482 (S.D.N.Y.1989). They contend that they are entitled to official immunity and that the allegations of the complaint do not describe acts or omissions that fall below "particularized" standards of constitutionally required conduct announced at the time. *See Anderson v. Creighton*, 483 U.S. 635, 107 S.Ct. 3034, 3039, 97 L.Ed.2d 523 (1987). Because we conclude that the availability of the immunity defense turns on fact-finding and cannot be decided at this point as a matter of law, we dismiss the appeal.

The distinctive feature of the immunity defense (like double jeopardy and certain other matters appealable *in limine*) is that it protects the official entitled to it not only from an unfavorable outcome of litigation but also from the burdens of involvement in litigation.[1] The policy reasons underlying this defense were perhaps best stated in Judge Learned Hand's well-known opinion in *Gregoire v. Biddle*, 177 F.2d 579, 581 (2d Cir.1949), *cert. denied*, 339 U.S. 949, 70 S.Ct. 803, 94 L.Ed. 1363 (1950).

We recognize fully the importance of these policy considerations. But it is equally clear that such immunity is not available in the case of deliberate violation of a plain and clearly established right.[2]

 Thus, the controlling question in the case at bar may be succinctly summarized in the language of Justice White's opinion in *Mitchell* as "whether the conduct of which the plaintiff complains violated clearly established law." 472 U.S. at 526, 105 S.Ct. at 2815. In *Estelle v. Gamble*, 429 U.S. at 104, 97 S.Ct. at 291, it was held that "deliberate indifference to serious medical needs of prisoners" violated the Eighth Amendment, as made applicable to States by the Fourteenth. And prisoners' constitutional rights to be free from inhumane conditions have been repeatedly recognized. *See, e.g., Rhodes v. Chapman*, 452 U.S. at 352, 101 S.Ct. at 2402.

We recognize that under *Anderson v. Creighton*, immunity is available unless the constitutional standards have been sufficiently delineated so that the unlawfulness of a public official's conduct is "apparent." 107 S.Ct. at 3039. But, as *Anderson* acknowledges, it is not necessary that "the

---

[*] The Honorable Edward Dumbauld of the United States District Court for the Western District of Pennsylvania, sitting by designation.

[1.] *Mitchell v. Forsyth*, 472 U.S. 511, 525–27, 105 S.Ct. 2806, 2814–16, 86 L.Ed.2d 411 (1985); *id.* at 537, 105 S.Ct. at 2821 (O'Connor, J., concurring in part). *See also Russell v. Hardin*, 879 F.2d 417, 419–21 (8th Cir.1989).

[2.] As stated in *Harlow v. Fitzgerald*, 457 U.S. 800, 818, 102 S.Ct. 2727, 2738, 73 L.Ed.2d 396 (1982):

[G]overnment officials performing discretionary functions, generally are shielded from liability for civil damages insofar as their conduct does not violate clearly established statutory or constitutional rights of which a reasonable person would have known.

very action in question has previously been held unlawful." *Id.* In this Circuit, the standards concerning deliberate indifference to medical needs and toleration of inhumane conditions have been delineated to a significant degree. *See LaReau v. Manson,* 651 F.2d 96 (2d Cir.1981); *Todaro v. Ward,* 565 F.2d 48 (2d Cir.1977). Assessing the plaintiffs' allegations against the background of the pertinent decisions of the Supreme Court and this Court, we conclude that the immunity defense cannot be upheld as a matter of law. Some aspects of the alleged conduct fall below standards sufficiently particularized at the relevant times. It may be that other aspects of the alleged conduct will be shown to violate constitutional standards, yet not fall below standards sufficiently delineated to make a reasonable official aware of the unlawfulness. Though it may be that we could affirm to some extent the denial of the immunity defense, we conclude that the allegations are so interrelated that precise determination of the extent to which the immunity defense is available must await fact-finding. Since the availability of the defense cannot be determined as a matter of law, we lack interlocutory appellate jurisdiction. *See White v. Frank,* 855 F.2d 956 (2d Cir.1988); *Mahoney v. Hankin,* 844 F.2d 64 (2d Cir.1988).

We think it plain that from the legal standpoint psychiatric or mental health care is an integral part of medical care. It thus falls within the requirement of *Estelle v. Gamble, supra,* that it must be provided to prisoners.

The differences between the two varieties of care are simply factual and administrative. Psychiatric or mental health care is needed by fewer patients and provided by fewer competent professionals. It is more lengthy [3] and more expensive.

█ Thus it may present practical problems for prison administrators. Facilities for effective mental care may not be available at every prison. But the same is true of expensive equipment in other fields of medicine, such as dialysis machines. And the administrative problem, to be sure, is exacerbated by current fiscal constraints arising from federal policies in recent years dominated by deficit consciousness and diminution of funds for social services. Nevertheless the basic legal principle is clear and well established (and this was true at all relevant times involved in the case at bar) that when incarceration deprives a person of reasonably necessary medical care (including psychiatric or mental health care) which would be available to him or her if not incarcerated, the prison authorities must provide such surrogate care.

Whether appellants' alleged conduct actually occurred, and if so amounted to deliberate indifference to serious medical needs or merely involved misdiagnosis or malpractice not of constitutional dimensions, are questions obviously requiring determinations by the finder of facts. Since we lack appellate jurisdiction over the denial of the immunity defense, we need not consider whether to exercise pendent appellate jurisdiction over the denial of defendants' motion for summary judgment with respect to the merits of plaintiffs' allegations. The appeal is therefore dismissed.

---

**3.** A criminal's brief term of incarceration might expire before an appropriate course of psychiat-

ric treatment could be completed.