William **RODNEY**, Petitioner,

v.

Salvatore **ROMANO**, Warden, Suffolk County Jail, Respondent.

No. CV 91–0586.

United States District Court,
E.D. New York.

March 10, 1993.

William Rodney, pro se.

Robert J. Cimino, Suffolk County Atty., by Martha M. Rogers, Hauppauge, NY, for respondent.

## MEMORANDUM AND ORDER

WEXLER, District Judge.

William Rodney ("petitioner" or "Rodney"), a pretrial detainee appearing *pro se*, contends that he has been denied his constitutional right to adequate medical treatment and seeks a writ of habeas corpus pursuant to 28 U.S.C. § 2254. For the reasons stated below, the petition is denied.

## BACKGROUND

Petitioner was indicted for burglary on October 13, 1990, and as of the time of the filing of this petition was awaiting trial at the Suffolk County Jail. On January 23, 1991, petitioner requested and received a court order mandating that he have the opportunity to consult a clinical psychologist. Three weeks later, on February 13, respondent had not yet complied with the order.

During those three weeks, petitioner was involved in a violent altercation at the jail, which he contends was induced by a post-

hypnotic suggestion. In addition to seeking twenty-four hour lock-in segregation to prevent him from injuring others, petitioner requested that the January 23rd court order be modified to mandate that he be seen by a clinical psychologist with expertise in hypnotism. The state court denied the additional request, and granted respondent two additional weeks to comply with the January 23rd order.

On February 27, 1991, when petitioner again appeared before the state court, he had not yet been seen by a clinical psychologist. Despite petitioner's protest, respondent was granted another two weeks to comply with the January 23rd order. However, whether by design or by error, the order of February 27, 1991 required Rodney to be seen by a psychiatrist, not a psychologist.

On March 13, 1991, respondent informed the state court that petitioner had been seen by both a psychologist *and* a psychiatrist. The state court judge subsequently signed an order stating such and denied petitioner any further relief on the matter.

## DISCUSSION

In *Estelle v. Gamble*, 429 U.S. 97, 97 S.Ct. 285, 50 L.Ed.2d 251 (1976), the Supreme Court recognized a cause of action under 42 U.S.C. § 1983 for deliberate indifference to a prisoner's serious illness or injury. *Id.* at 104, 97 S.Ct. at 291. Subsequently, the Second Circuit noted that the proper remedy in a case involving inadequate medical treatment to a prisoner is relief under 42 U.S.C. § 1983, not the grant of a writ of habeas corpus. *Fielding v. LeFevre*, 548 F.2d 1102, 1108 (2d Cir.1977) (citing *Estelle*, 429 U.S. at 104, 97 S.Ct. at 291). Although Rodney was, as of the time of the filing of this application, a pretrial detainee and not a prisoner, the logic of *Fielding* is equally applicable. Accordingly, his redress, if any, is by way of a suit under 42 U.S.C. § 1983, and not the filing of a petition for a writ of habeas corpus. Rodney's petition for a writ of habeas corpus must, therefore, be denied.

This Court, however, is aware that his *pro se* petition should be construed liberally. *See Haines v. Kerner*, 404 U.S. 519, 520, 92 S.Ct. 594, 595, 30 L.Ed.2d 652 (1972). Nevertheless, even if this Court were to construe the petition as a claim for relief under 42 U.S.C. § 1983, the relief sought by Rodney, namely, that he be examined by a clinical psychologist with expertise in hypnotism, would still be denied.

As determined by the Supreme Court, sentenced inmates are guaranteed minimal standards of medical care. *Estelle*, 429 U.S. at 103, 97 S.Ct. at 290. This guaranteed medical care extends to treatment of psychological or psychiatric disorders. *Langley v. Coughlin*, 888 F.2d 252, 254 (2d Cir.1989). Deliberate indifference to these standards violates the Eighth Amendment to the Constitution. *Estelle*, 429 U.S. at 104, 97 S.Ct. at 291.

Petitioner, as a pretrial detainee, has at least as great a right to adequate medical treatment as that of a sentenced inmate. *Bryant v. Maffucci*, 923 F.2d 979, 983 (2d Cir.1991) (citing *Revere v. Massachusetts Gen. Hosp.*, 463 U.S. 239, 244, 103 S.Ct. 2979, 2983, 77 L.Ed.2d 605 (1983)), *cert. denied*, —— U.S. ——, 112 S.Ct. 152, 116 L.Ed.2d 117 (1991). In addition, pretrial detainees, like sentenced inmates, are entitled to psychiatric and psychological care. *See Bell v. Wolfish*, 441 U.S. 520, 534–35, 99 S.Ct. 1861, 1871–72, 60 L.Ed.2d 447 (1979). However, the Supreme Court examines the conditions of care of pretrial detainees in terms of violation of due process under the fourteenth amendment, and not in terms of cruel and unusual punishment under the eighth amendment. *Id.* at 535 n. 16, 99 S.Ct. at 1872 n. 16.

Although violations of sentenced inmates' eighth amendment rights are measured by the "deliberate indifference" standard, *Estelle*, 429 U.S. at 104, 97 S.Ct. at 291, the Supreme Court has left open the standard against which an alleged violation of a pretrial detainee's fourteenth amendment rights is to be measured. *Bryant*, 923 F.2d at 983. Although the Supreme Court has yet to decide if a detainee must prove gross negligence, deliberate indifference, or some other standard in order to prevail, *id.* at 983–84, it is clear that mere negligence is not enough. *Id.* at 984 (citation omitted); *see Davidson v. Cannon*, 474 U.S. 344, 347, 106 S.Ct. 668, 670, 88 L.Ed.2d 677 (1986); *Dan-*

*iels v. Williams,* 474 U.S. 327, 334, 106 S.Ct. 662, 666–67, 88 L.Ed.2d 662 (1986). Moreover, the Second Circuit has stated that if the complaint alleges a failure to provide adequate medical care under the fourteenth amendment, it must contain allegations of conduct that is "barbarous" or that "shocks the conscience." *Church v. Hegstrom,* 416 F.2d 449, 450–51 (2d Cir.1969) (citations omitted).

In the matter at hand, the psychologist who examined petitioner determined that hypnotherapy would not be helpful, and that it could potentially be counterproductive. Transcript of testimony of Ms. Mary Filou, Administrator of Suffolk County Jail Mental Health Department, March 13, 1991, at 5. For petitioner to prevail, he would have to prove that the psychologist's diagnosis was more than merely negligent. Under no circumstances can the conduct alleged in this case be found to be barbarous or shocking to the conscience of the Court, nor can it be found to be such an extreme case as to allow the Court to interfere with the psychologist's judgment.

### CONCLUSION

Petitioner's application for a writ of habeas corpus is accordingly dismissed. Furthermore, petitioner's application, if construed as a claim for relief under 42 U.S.C. § 1983, is also denied.

SO ORDERED.