**Adam BROWN (94R7258), Plaintiff,**

**v.**

**C.O. Joe CROCE, the State of New York, Officers Nedorest, Mendoza, Defendants.[1]**

**No. 95 Civil 5442(JES).**

United States District Court, S.D. New York.

June 4, 1997.

---

1. Defendants indicate that the proper names of the Correction Officers are Joseph Croce, Paul Nedorest, and Edmund Mendoza. The Court deems Brown's complaint amended to properly name those defendants.

Adam Brown, Franklin Correctional Facility, Malone, NY, pro se.

Dennis C. Vacco, Atty. Gen. of State of New York, for Defendants; Steven M. Connolly, Asst. Atty. Gen., of counsel.

## MEMORANDUM OPINION AND ORDER

SPRIZZO, District Judge.

Plaintiff Adam Brown, proceeding *pro se,* filed the instant action against Correction officers Joseph Croce, Paul Nedorest, and Edmund Mendoza, and the State of New York (together "defendants") alleging that defendants denied him access to a "mental health doctor," and that Correction officer Nedorest slapped him twice in the face while using a racial epithet. Pursuant to Federal Rule of Civil Procedure 56(c), defendants move for summary judgment dismissing the instant action. For the reasons that follow, defendants' motion is granted.

## BACKGROUND

Plaintiff Adam Brown is a New York State prison inmate. *See* Defendants' Statement Pursuant to Local Rule 3(g) dated January 24, 1997 ("Defts.' Rule 3(g) Stmt.") ¶ 1. During the time of the alleged incident, Brown was incarcerated at Fishkill Correctional Facility ("Fishkill"). *Id.* Defendants Joseph Croce, Paul Nedorest, and Edmund Mendoza are Correction Officers at Fishkill and held that position at all times relevant to the claims asserted by Brown. *Id.* ¶ 2.

Brown alleges in his complaint that on April 27, 1995, at approximately 1:50 p.m. he entered the office of Housing Unit J at Fishkill to request to see a mental health doctor, but that Officer Nedorest denied his request. See Complaint at 3–4. Brown further alleges that Officer Croce then called Brown a "nigger," slapped him in the face, slapped him in the face a second time, and called him a "nigger" a second time. *Id.* at 4. Brown also states in his complaint that he suffered mental anguish and emotional damages, but sustained no physical injury. *Id.*

Defendants deposed Brown to make clear the sequence of events underlying his suit. During his deposition, Brown testified that at approximately 1:30 p.m. he approached Officer Nedorest in the housing office and presented a piece of paper that had Brown's psychologist's name on it but did not say what he was seeking because he was afraid that the officers might make fun of him. *See* Declaration of Steven M. Connolly ("Connolly Dec."), Exh. A, Deposition Transcript of Brown ("Brown Dep.") at 8, 9. Brown further testified that he thought Officer Nedorest would know he was asking to see his doctor based on the man's name alone, but later assumed that Nedorest misunderstood his request since Nedorest responded that Brown could not see anyone and to get out of his face. *Id.* at 9. Brown testified that he then left the office, but returned at approximately 1:50 p.m. and asked Officer Nedorest again if he could see the man. *Id.* Brown testified that Nedorest responded, "what guy," looked at the paper again, and said. "no." *Id.* Brown then asked to see a sergeant, but Officer Nedorest told him to get out of the office. *Id.*

Brown testified that as he tried to leave the office, Officer Croce was blocking the doorway. See Brown Dep. at 10. Brown stated that he asked Officer Croce to step out of his way, but Croce said no and asked Brown if he was intoxicated. *Id.* After Brown got by Croce and was walking down the hall, Brown stated that Croce called him back, asked him if he was high, and asked Brown to face him. *Id.* Croce then allegedly slapped Brown in the face and said, "you f'ing Nigger, you want to play with me." *Id.* at 11. Brown testified that he then backed up against the wall. *Id.* As other Officers approached, Croce again allegedly slapped him, called him a "nigger," handcuffed him, put him on the floor, and put his knee in Brown's back to restrain him, but didn't cause any pain. *Id.*

On May 3, 1995, at a Tier II hearing, Brown was found not guilty of refusing a direct order, but guilty of interference with an employee and guilty of harassment. *See* Connolly Dec., Exh. B, hearing transcript at 11. A penalty of ten (10) days keeplock was imposed. *Id.*[2]

Pursuant to Federal Rule of Civil Procedure 56(c), defendants move for summary judgment arguing that (1) Brown's claim that Officer Croce slapped him in the face, which resulted in no physical harm, constitutes a *de minimis* use of force not actionable under the Eighth Amendment; (2) Brown's claim that Officer Croce used a racial epithet toward him does not state a claim cognizable under 42 U.S.C. § 1983; (3) Brown admits that he is not asserting a claim against Officer Nedorest for denial of medical or mental health treatment in violation of the Eighth Amendment, and that even if he was, Brown cannot show the requisite elements to prove such a claim; (4) Brown's claims against defendants Nedorest and Mendoza must be dismissed because he cannot show personal involvement; (5) Brown's claims against the state are barred by the Eleventh Amendment; and (6) Brown cannot establish that he is entitled to punitive damages.

Defendants have supported their motion with a Local Rule 3(g) Statement, the declaration of Steven M. Connolly with accompanying exhibits including the transcript of Brown's deposition and Tier II hearing, and the affidavits of Joseph Croce, Paul Nedorest and Edmund Mendoza. Brown has failed to file a response or a statement pursuant to Local Rule 3(g).[3]

## DISCUSSION

Pursuant to Federal Rule of Civil Procedure 56(c), summary judgment in favor of the moving party is appropriate "if the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any, show that there is no genuine issue as to any material fact and that the moving party is entitled to a judgment as a matter of law." Fed.R.Civ.P. 56(c); *see also Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 252, 106 S.Ct. 2505, 2512, 91 L.Ed.2d 202 (1986). In considering a moving party's motion for summary judgment, the Court views all facts and construes all rational inferences derived therefrom in the light most favorable to the non-moving party. *See United States v. Diebold, Inc.*, 369 U.S. 654, 655, 82 S.Ct. 993, 994, 8 L.Ed.2d 176 (1962). In this case, construing Brown's complaint liberally as the Court must and in light of his deposition testimony, *see Haines v. Kerner*, 404 U.S. 519, 520–521, 92 S.Ct. 594, 595–596, 30 L.Ed.2d 652 (1972), his complaint must be dismissed.

■ To support an Eighth Amendment claim, Brown must establish both an objective and subjective component to his claim. *See Branham v. Meachum*, 77 F.3d 626, 630 (2d Cir.1996) (citing *Davidson v. Flynn*, 32 F.3d 27, 29 (2d Cir.1994)). The objective component relates to the "seriousness of the injury," *Davidson*, 32 F.3d at 29, whereas the subjective component relates to whether the defendant "possessed a 'wanton' state of mind when engaging in the alleged misconduct." *See Branham*, 77 F.3d at 630 (citing *Hudson v. McMillian*, 503 U.S. 1, 6–7, 112 S.Ct. 995, 998–99, 117 L.Ed.2d 156 (1992)).

In *Hudson v. McMillian*, the Supreme Court stated that "when prison officials maliciously and sadistically use force to cause harm, contemporary standards of decency always are violated." *Hudson*, 503 U.S. at 9, 112 S.Ct. at 1000 (citing *Whitley v. Albers*, 475 U.S. 312, 327, 106 S.Ct. 1078, 1088, 89 L.Ed.2d 251 (1986)). However, the Court

---

**2.** At the Tier II hearing, Brown testified that when he was out in the hallway, he "was yelling to get my psychologist, this my psychologist, I was yelling that, I know that, I yell it loud as I could, that's what I was telling them." *See* Connolly Dec., Exh. B, hearing transcript at 6, 7. Moreover, Brown stated that after the first slap, he remained quiet and said nothing. *Id.* at 6.

**3.** Since Brown has failed to file a Statement of Material Facts as to which he contends a genuine issue to be tried exists, the facts set forth in defendants' Local Rule 3(g) Statement are deemed to be admitted. *See* Local Rule 3(g); *United States v. All Right*, 77 F.3d 648, 657 (2d Cir.), *cert. denied*, — U.S. —, 117 S.Ct. 67, 136 L.Ed.2d 28 (1996) (holding that a party's failure to controvert Rule 3(g) statement is treated as an admission of those facts).

also noted that not every "malevolent touch" by a prison guard gives rise to a federal cause of action, and the Eighth Amendment excludes from protection *de minimis* uses of physical force, provided that the use of force is not of a sort " 'repugnant to the conscience of mankind.' " *Hudson*, 503 U.S. at 9, 10, 112 S.Ct. at 1000 (citations omitted).

Here, Brown's claim that he was slapped twice amounts to nothing more than the *de minimis* use of force by a prison official. Indeed, Brown concedes in his complaint and in his deposition that he suffered absolutely no physical injury from the two alleged slaps. Therefore, the claim must be dismissed. *See Hudson*, 503 U.S. at 9, 112 S.Ct. at 1000 (quoting *Johnson v. Glick*, 481 F.2d 1028, 1033 (2d Cir.1973)) ("Not every push or shove, even if it may later seem unnecessary in the peace of a judge's chambers, violates a prisoner's constitutional rights."); *see also Boddie v. Schnieder*, 105 F.3d 857, 861 (2d Cir.1997) (recognizing that allegations of sexual abuse may meet both the objective and subjective elements of the constitutional test, thereby stating an Eighth Amendment claim under § 1983, but finding that small number of incidents in which prisoner was allegedly verbally harassed, touched and pressed against without his consent not individually or cumulatively sufficiently serious to involve harm of constitutional proportions).

Nor can Brown meet the subjective component of his Eighth Amendment claim. Here, Brown alleges only that he was slapped twice and called a racial epithet, placed to the ground, and handcuffed. These acts occurred after Brown interfered with and harassed an Officer—conduct for which he was found guilty at a Tier II hearing. Indeed, Brown stated at his Tier II hearing that immediately proceeding the two slaps, he was screaming as loud as he could. Thus Croce's alleged two slaps, when combined with his question as to Brown's sobriety, and in light of all of the facts, belies an rational inference that he was acting with a wanton

state of mind. This is especially true since Brown suffered no physical injury.

Furthermore, Brown's claim of racial slurs or epithets reflecting racial prejudice cannot form the basis of a claim under § 1983. *See Haussman v. Fergus*, 894 F.Supp. 142, 149 (S.D.N.Y.1995) (stating that taunts, insults and racial slurs do not comprise an infringement of constitutional guarantees); *Wright v. Santoro*, 714 F.Supp. 665, 667 (S.D.N.Y.) (stating that discriminatory statements reflecting racial prejudice are not actionable under § 1983 where not connected to any physical injury), *aff'd*, 891 F.2d 278 (2d Cir.1989). Without any showing of injury or damage, such claims of verbal harassment are insufficient to state a claim under § 1983. *See Purcell v. Coughlin*, 790 F.2d 263, 265 (2d Cir.1986) (citing *McCann v. Coughlin*, 698 F.2d 112, 126 (2d Cir.1983)) (holding that a claim that a prison guard called plaintiff names did not allege any appreciable injury and was properly dismissed).

Brown's suit as against the State of New York is also barred by the Eleventh Amendment. *See Pennhurst State School & Hospital v. Halderman*, 465 U.S. 89, 99, 104 S.Ct. 900, 907, 79 L.Ed.2d 67 (1984).[4]

## CONCLUSION

For the reasons set forth above, defendants' motion for summary judgment is granted. The Clerk of the Court is directed to enter judgment accordingly and close the above-captioned action.

It is **SO ORDERED.**

---

4. Brown indicated during his deposition that he was not pursuing any claim based on denial of medical treatment. However, even were Brown to assert that claim, it would have to be dis-

missed under the undisputed facts of this case. *See Estelle v. Gamble*, 429 U.S. 97, 104, 97 S.Ct. 285, 291, 50 L.Ed.2d 251 (1976); *Langley v. Coughlin*, 888 F.2d 252, 254 (2d Cir.1989).