ORDER

BERMAN, District Judge.
I. Background
In 1997, U.S. District Court Judge Robert W. Sweet sentenced Plaintiff Steven J. Hoffenberg (“Plaintiff” or “Hoffenberg”) to a term of twenty years imprisonment and ordered that Hoffenberg pay $475,157,340.00 in restitution following Hoffenberg’s conviction for defrauding the bondholders and noteholders of Towers Financial Corporation (“Towers”) through an extensive so-called “Ponzi” scheme. In the case at bar, Plaintiff, as a pro se litigant, sues two Towers bondholders, EAB Bank and LaSalle National Bank, the (bondholders’) law firm of Schulte Roth & Zabel (Schulte Roth), and Ron Drake, who allegedly “was and is the president of a special workout corporation created by EAB Bank” (collectively “Defendants”), on behalf of himself and the 100,000 notehold-ers of Towers. (Comply 6.) Hoffenberg is seeking $200,000,000 for alleged “fraudulent intent, fraudulent misrepresentation, and fraud by the defendants in looting $200. Million Dollars of claims and assets from plaintiff victims.” (Compl. at 1.) Among other things, Plaintiff claims that the Defendants willfully withheld information from the United States Bankruptcy Court for the Southern District of New York regarding the “real value of the asset claims” of the 100,000 noteholders during the Towers bankruptcy proceeding in 1993 (ComplV 23), thereby denying them recovery of their investment in “high yi[e]ld high risk junk notes & bonds in Towers Financial Corporation.” (ComplJ 25.)
Defendants filed a motion, dated September 8, 1999, to dismiss Plaintiffs claims, pursuant to Federal Rules of Civil Procedure 8(a)(2) and 12(b)(6), and to enjoin the Plaintiff from bringing any future lawsuits against the Defendants or otherwise harassing them in any matter. Plaintiff filed a response to Defendants’ motion on October 31,1999. On January 19, 2000, United States Magistrate Judge Douglas F. Eaton, to whom the matter had been referred, issued a report and recommendation (“Report”) recommending that the Defendants’ motion to dismiss be granted; that Plaintiff be precluded from amending his complaint and enjoined from filing future suits against the Defendants; and that this Court should issue no orders to the Bureau of Prisons regarding Mr. Hof-fenberg’s incarceration status and privileges.
On February 14, 2000, the Plaintiff filed objections to the Report and the Defendants filed a reply to the Plaintiffs objections on February 28, 2000. Plaintiff asserts, in his objections, that he has standing to proceed on his own behalf; *254 that leave to amend the complaint should be granted: and that the Court should not enjoin him from bringing further suits against Defendant Schulte Roth & Zabel.[1] For the reasons set forth below, the Court adopts Judge Eaton’s Report and Recommendation insofar as it dismisses Plaintiffs complaint; the Court will allow Plaintiff to amend his individual complaint against Defendant Schulte Roth & Zabel; and the Court does not reach the issue of an injunction.
II. Standard of Review
A district court evaluating a Magistrate’s report may adopt those portions of the report to which no “specific, written objection” is made, as long as those sections are not clearly erroneous or contrary to law. Fed.R.Civ.P. 72(b); Thomas v. Arn, 474 U.S. 140, 149, 106 S.Ct. 466, 88 L.Ed.2d 435 (1985); Greene v. WCI Holdings Corp., 956 F.Supp. 509, 513 (S.D.N.Y.1997). Where timely objections are made to a Magistrate’s report, the District Judge must make a de novo determination as to the objected to issues, but is not required to conduct a de novo hearing. See Cespedes v. Coughlin, 956 F.Supp. 454, 463 (S.D.N.Y.1997); East River Sav. Bank v. Secretary of Housing and Urban Development, 702 F.Supp. 448, 453 (S.D.N.Y.1988). Thereafter, a district court may accept, reject, or modify, in whole or in part, the findings and recommendations of the Magistrate. See DeLuca v. Lord, 858 F.Supp. 1330, 1345 (S.D.N.Y.1994); Walker v. Hood, 679 F.Supp. 372, 374 (S.D.N.Y.1988); East River Sav. Bank, 702 F.Supp. at 453. Also, the Court must liberally construe the claims of a pro se litigant. See, e.g., Marmolero v. United States, 196 F.3d 377, 378 (2d Cir.1999); Brown v. Croce, 967 F.Supp. 101, 103 (S.D.N.Y.1997) (citing Haines v. Kerner, 404 U.S. 519, 520-21, 92 S.Ct. 594, 30 L.Ed.2d 652 (1972)).
III. Analysis
Here, the uncontested portions of the Report and Recommendation are supported by the facts and are in conformity with the law and are, therefore, adopted by the Court. The Court has undertaken a de novo review with respect to the contested issues which are Mr. Hoffenberg’s standing to proceed; amending the complaint; and enjoining further litigation.
A. Standing
1. Standing to bring suit on behalf of the noteholders
Plaintiff filed this action on behalf of himself and the “100,000 Victim Families Note Holders Owners of Securities in Towers Fina[n]cial Corporation.” (Compl. at 1.) Magistrate Judge Eaton recommended that Plaintiffs claim on behalf of the noteholders of Towers be dismissed for lack of standing because “[i]t is well settled in this circuit that pro se plaintiffs cannot act as class representatives.” (Report at 5 (quoting McLeod v. Crosson, 1989 WL 28416, at *1 (S.D.N.Y. Mar.21, 1989).)) Plaintiff does not object to this recommendation and claims that he “will not act for class [going forward] in the instant action.” (Pl.’s Objections to Report ¶ 17(a).) The Court, therefore, adopts this Report recommendation and concludes that Hoffenberg lacks standing to sue on behalf of the Towers noteholders.
2. Standing to proceed with this action individually
Plaintiff claims that he has standing to bring this action individually, allegedly because he owns 58% of Towers common stock and was defrauded by Schulte Roth. (Pl.’s Objections to Report ¶ 16(a).) Defendants argue that Hoffenberg, as a *255 shareholder of Towers, ■ does not have standing because, pursuant to the Joint Plan of Reorganization for Towers of October 4, 1994, “the Towers shareholders were not entitled to receive any distributions from the Towers bankruptcy, estate ... Accordingly, Hoffenberg simply cannot contend that the defendants’ purported wrongful usurption of the Bondholder Litigation proceeds from the Towers bankruptcy estate caused him any injury as a Towers shareholder — which is the sine qua non of standing (emphasis in original).” (Defs.’ Resp. to Pl.’s Objections (“Defs.’ Resp.”) at 17.) Defendants also assert that Hoffenberg has no standing because “[i]t is well settled under New York law that ‘the courts will not entertain [a] suit if the plaintiffs conduct constitutes a serious violation of the law and the injuries for which [he] seeks recovery are the direct result of that violation.’” (Defs.’ Resp. at 17 (quoting Manning v. Brown, 91 N.Y.2d 116, 120, 667 N.Y.S.2d 336, 338, 689 N.E.2d 1382 (N.Y.1997).))
Magistrate Judge Eaton determined that Hoffenberg lacks standing because “Hoffenberg has shown no legally cognizable injury.” (Report at 9), and since “[a] federal court’s jurisdiction can be invoked only when the Plaintiff himself has suffered some threatened or actual injury resulting from the putatively illegal action,” (Report at 6 (quoting Warth v. Seldin, 422 U.S. 490, 499, 95 S.Ct. 2197, 45 L.Ed.2d 343 (1975))), Hoffenberg has “no standing to ask a court to rule on his allegations and proposals.” (Report at 9.) Judge Eaton also determined that “the case at bar would not change the amount of restitution owed by Hoffenberg [in the criminal case] ... [and] at best, these lawsuits [that Hoffenberg brings against third parties] could only change the names of the persons to whom he owes restitution.” (Report at 9.)[2]
The Court agrees that Hoffenberg does not have standing because he has not alleged a “personal injury in fact.” In re Dow Jones & Co., Inc., 842 F.2d 603, 606 (2d Cir.1988) (stating that “to have standing, a party must allege (1) a personal injury in fact, (2) a violation of his or her own, not a third-party’s rights, (3) that the injury falls within the zone of interests protected by the constitutional guarantee involved, (4) that the injury is traceable to the challenged act, and (5) that the courts can grant redress for the injury”) (citing Valley Forge Christian College v. Americans United for Separation of Church & State, Inc., 454 U.S. 464, 472-74, 102 S.Ct. 752, 70 L.Ed.2d 700 (1982)).[3] Furthermore, Plaintiff has not alleged a personal stake in the outcome of the controversy. Warth v. Seldin, 422 U.S. 490, 498, 95 S.Ct. 2197, 45 L.Ed.2d 343 (1975) (holding that the plaintiff must have “ ‘alleged such a personal stake in the outcome of the controversy’ as to warrant his invocation of federal-court jurisdiction and to justify exercise of the court’s remedial powers on his behalf’) (citing Baker v. Carr, 369 U.S. 186, 204, 82 S.Ct. 691, 7 L.Ed.2d 663 (1962)).
In the criminal case before Judge Sweet, Mr. Hoffenberg was held responsible for the losses of the bondholders of Towers; he cannot now sue his victims and their counsel to recover damages that his illegal actions brought about. In re Ollie *256 M. Chimes, 147 B.R. 307, 315 (E.D.N.Y. 1992) (stating that “[n]o one shall be permitted to profit by his own fraud, or to take advantage of his own wrong, or to found any claim upon his own iniquity, or to acquire property by his own crime”) (citing Kearns v. Manufacturers Hanover Trust Co., 51 Misc.2d 34, 37, 272 N.Y.S.2d 535, 540 (N.Y.Sup.Ct.1966) (quoting Riggs v. Palmer, 115 N.Y. 506, 511, 22 N.E. 188, 190 (1889))).[4]
B. Leave to Amend the Complaint
Plaintiff requests leave to amend his complaint and asserts that he “should be allowed to file the amended complaint acting for [himself,] a 58% stockholder of [Towers].” (Pl.’s Objections to Report ¶ 21(a).) Defendants argue that Hoffenberg should not be granted leave to amend because “repleading should not be permitted where there is no basis to conclude that an amended complaint would be any more viable than the one that was dismissed.” (Defs.’ Resp. at 23.) Magistrate Eaton recommends that the Court deny the Plaintiffs request because he “see[s] no possibility that Hoffenberg could ever show standing to sue any of the bondholders or their attorneys or employees.” (Report at 11.)
While it may be that Hoffenberg will ultimately be unable to show injury (and demonstrate standing), he should, particularly as a pro se litigant, be given an opportunity to amend his complaint. See Forman v. Davis, 371 U.S. 178, 182, 83 S.Ct. 227, 9 L.Edüd 222 (1962). Rule 15(a) of the Federal Rules of Civil Procedure provides that the court should grant leave to amend “ifeely ... when justice requires,” Fitzgerald v. Field, 1999 WL 1021568, at *3 (S.D.N.Y. Nov.9, 1999), and the Second Circuit has noted that “[w]hen a motion to dismiss is granted, ‘the usual practice is to grant leave to amend the complaint.’ ” Jones v. Trump, 1997 WL 277375, at *8 (S.D.N.Y. May 27, 1997) (quoting Oliver Schools, Inc. v. Foley, 930 F.2d -248, 253 (2d Cir.1991)). Furthermore, “[w]here the possibility exists that the defect can be cured, leave to amend at least once should normally be granted unless doing so would prejudice the defendant.” Jones v. Trump, 1997 WL 277375, at *8 (quoting Oliver Schools, Inc., 930 F.2d at 253). “This relaxed standard applies with particular force to pro se litigants. ‘A pro se complaint is to be read liberally,’ and should not be dismissed without granting leave to amend at least once when such a reading ‘gives an indication that a valid claim might be stated.’ ” Pangburn v. Culbertson, 200 F.3d 65, 70 (2d Cir.1999) (quoting Gomez v. USAA Fed. Sav. Bank, 171 F.3d 794, 795 (2d Cir.1999) (per curiam)). “Thus while ‘futility’ is a valid reason for denying a motion to amend ... this is true only where it is ‘beyond doubt that the plaintiff can prove no set of facts in support’ of his amended claims.” Id. at 70-71 (quoting Ricciuti v. N.Y.C. Transit Auth., 941 F.2d 119, 123 (2d Cir.1991)).
Without in any way passing upon the merits of Plaintiffs case or his ability to successfully demonstrate standing, Plaintiffs complaint (even if only marginally) survives the Rule 8 motion. See Jones v. Trump, 1997 WL 277375, at *8 (stating that “[dismissal pursuant to Rule 8 is ‘usually reserved for those cases in which the complaint is so confused, ambiguous, vague, or otherwise intelligible that its true substance, if any, is well disguised,’ and leave to file an amended pleading that conforms to Rule 8 is usually granted”) (quoting Salahuddin v. Cuomo, 861 F.2d 40, 42 (2d Cir.1988)). Plaintiff is granted leave to amend his complaint upon the following conditions: (1) Plaintiff must *257 serve and file his amended complaint within 60 days of the date hereof; (2) the amended complaint must not exceed 25 pages in length; (3) the amended complaint may only embrace Plaintiffs alleged individual claims against Schulte Roth & Zabel.[5]
C. Injunction
Defendants seek to enjoin Hoffenberg “from bringing any future lawsuits against the Defendants or otherwise harassing them in any matter,” (Def.’s Mem. in Support of Mot. to Dismiss at 28), and claim that Plaintiffs suit is “patently baseless and has been brought by Hoffenberg for an improper purpose — namely, to appear as though he is complying with his restitution order.” (Id. at 29.) “Hoffenberg’s harassment of the defendants included not only the complaint itself but an extortionate letter-writing campaign ... [where he] threatened to sue [Schulte Roth] for one million dollars, ... threatened criminal prosecution ... and media disclosure, ... and threatened to isolate [Schulte Roth] if it did not pressure its clients/codefend-ants.” (Defs.’ Resp. at 25.)
Magistrate Judge Eaton recommended Mr. Hoffenberg be enjoined from bringing future suits against the Defendants based on the criteria in Safir v. United States Lines, Inc., 792 F.2d 19, 24 (2d Cir.1986).[6] Magistrate Eaton found that: (i) Hoffenberg did not have an objective good faith expectation of prevailing in this lawsuit; (ii) the lawsuit caused needless expense to the Defendants and posed an unnecessary burden on the courts, and; (iii) other sanctions, such as ordering Hoffenberg to pay attorneys fees, would be inappropriate because any money that Hoffenberg has should go toward restitution to his victims. Therefore, Magistrate Judge Eaton recommends that an injunction be granted, except that Mr. Hoffenberg may request that the court permit him to file, or continue, a lawsuit if he has shown that he has good faith reason(s) to sue about conduct committed after October 31, 1999 (the date of Hoffenberg’s Reply).
Plaintiff objects to Judge Eaton’s recommendation that he be enjoined, claiming that he was not allowed to “present facts [and] law in support of his position,” (Pl.’s Objections to Report ¶ 23(a)), and that he “will not in any court file suit against any *258 [Towers] Bondholder” but “the recommendation to obstruct any and all claim[ ]s against law firm[ ]s would harm [Towers’] shareholders^] [Towers’] noteholders [and] bondholders.” (Pl.’s Objections to Report ¶ 25.)
The Court does not need to reach the injunction issue at this point since the Plaintiff is being granted leave to amend his complaint. However, the Court hereby warns Mr. Hoffenberg that he may not assert baseless claims or abuse the judicial process through the instigation of frivolous or duplicative suits against these Defendant(s) or any others. If Mr. Hoffenberg violates this directive, an order may be issued enjoining him from filing any suits against the Defendant(s) without leave of the Court.[7] See Pier v. Long Island Sav. Bank, 1998 WL 587798, at *1 (2d Cir.1998) (holding that if the Plaintiff exhibits a pattern of abusive filings in federal court, “the district court would be well within its discretion to impose a ‘leave to file’ requirement or such other sanction as it deems appropriate.” Id.); Malley v. New York City Bd. of Educ., 112 F.3d 69, 69 (2d Cir.1997) (per curiam) (upholding an injunction where Plaintiff had been previously warned that he could face such a sanction); Sassower v. Sansverie, 885 F.2d 9, 11 (2d Cir.1989) (warning appellant who filed six appeals in one year that if he continued to abuse the judicial process through the instigation of frivolous appeals an injunction would be issued directing the Clerk of the Court to refuse to accept any submissions from him, unless he first obtained leave of the Court to file such papers); Jones v. Tmmp, 1997 WL 277375, at *1 (S.D.N.Y. May 27, 1997) (warning Plaintiff who filed two actions in state court and five actions in federal court, all essentially related to the same events, that “if plaintiff files any future actions related to the events from which these prior seven actions arose that are deemed ‘meritless, frivolous, vexatious or repetitive[,]’ he may be subject to an injunction barring him from filing subsequent actions of this nature in the courts of the United States”).
IV. Conclusion and Order
Accordingly, the Court incorporates Magistrate Judge Eaton’s Report and Recommendation and, for the reasons stated therein and herein, grants Defendant’s motion to dismiss without prejudice [6]. Plaintiff shall have 60 days from the date hereof to serve and file an amended individual complaint against Schulte Roth & Zabel. The Clerk is respectfully directed to enter an order dismissing the complaint.

. Plaintiff’s objections with regard to service of process and diversity jurisdiction are both moot as Schulte Roth. EAB Bank, and La-Salle National Bank waived service of the summons in this action in a February 3, 2000 letter to the Court and as Magistrate Eaton did not dismiss Plaintiffs claims for lack of jurisdiction.

. "If a victim has received compensation from insurance or any other source with respect to a loss, the court shall order that restitution be paid to the person who provided or is obligated to provide the compensation.” 28 U.S.C. § 3664(j)(l)

. To satisfy the element of "personal injury in fact,” Hoffenberg must show that he has suffered some threatened or actual injury resulting from the alleged illegal action of the defendant, see Warth v. Seldin, 422 U.S. 490, 499, 95 S.Ct. 2197, 45 L.Ed.2d 343 (1975) (citing Linda R.S. v. Richard D., 410 U.S. 614, 617, 93 S.Ct. 1146, 35 L.Ed.2d 536 (1973)), that is "concrete” and "direct.” See In re Dow Jones, 842 F.2d at 606 (citing Schlesinger v. Reservists Comm. to Stop the War, 418 U.S. 208, 220-21, 94 S.Ct. 2925, 41 L.Ed.2d 706 (1974); Ex parte Levitt, 302 U.S. 633, 634, 58 S.Ct. 1, 82 L.Ed. 493 (1937) (per curiam)).

. Magistrate Eaton also concluded that Plaintiffs complaint is barred by the one-year time limitation under Fed.R.Civ.P. 60(b). Thus, Hoffenberg is precluded from reopening Towers' 1994 bankruptcy judgment. Also, to the extent that Plaintiff's suit is an attempt to reduce his restitution obligation, it would have to have been brought before Judge Sweet, assuming it could have been brought in a timely fashion.

. Magistrate Eaton recommends that Hoffen-berg's two contempt "motions'' (contained in his September 23, 1999 affidavit) should not be decided by this Court as they are part of a lawsuit pending in Erie, Pennsylvania before District Judge Sean J. McLaughlin and Magistrate Judge Robert C. Mitchell. (Report at 13.) Plaintiff does not object and the Court accepts this recommendation. Judge Eaton also recommends that this Court should "decline to issue any order to the Bureau of Prisons, including Hoffenberg’s request that he be moved to New York.” (Report at 13.) The Court also agrees with this recommendation because "[t]he Bureau of Prisons has 'sole discretion’ to determine where a federal inmate will be housed.” Grullon v. Reid, 1999 WL 436457, at *1 (S.D.N.Y. June 24, 1999) (citing United States v. Williams, 65 F.3d 301, 307 (2d Cir.1995)). Capra v. Warden, Metro. Correctional Center, 1986 WL 14301, at *1 (S.D.N.Y. Dec.4, 1986) (holding that "the Bureau of Prisons has great discretion in their decision to transfer a prisoner to another prison”), Grullon v. Reid, 1999 WL 436457, at *1 (S.D.N.Y. June 24, 1999) (stating that "[i]t is well settled that a prisoner has no constitutional right to serve a sentence in any particular institution, or to be transferred or not transferred from one facility to another”) (citing Olim v. Wakinekona, 461 U.S. 238, 249-50, 103 S.Ct. 1741, 75 L.Ed.2d 813 (1983); Meachum v. Fano, 427 U.S. 215, 224-35, 96 S.Ct. 2532, 49 L.Ed.2d 451 (1976); Prins v. Coughlin, 76 F.3d 504, 507 (2d Cir. 1997)).

 The criteria to be considered are: "(1) the litigant’s history of litigation and in particular whether it entailed vexatious, harassing or duplicative lawsuits; (2) the litigant's motive in pursuing the litigation, e.g., does the litigant have an objective good faith expectation of prevailing?; (3) whether the litigant is represented by counsel; (4) whether the litigant has caused needless expense to other parties or has posed an unnecessary burden on the courts and their personnel; and (5) whether other sanctions would be adequate to protect the courts and other parties.” Safir v. United States Lines, Inc., 792 F.2d at 24.

. Plaintiff was also warned on October 20, 1999 that "he must attempt to convince [Judge Eaton] that he [has] standing to sue and that he [has] a reason that would enable him to avoid the one-year time bar set forth in F.R.Civ.P. Rule 60(b).” (Report at 3.)