**Cy GREENE, Plaintiff,**

v.

**William MAZZUCA, Anne Cole, Linda Barrett, Glenn Goord, and Allen Cave, Defendants.**

**No. 05 CV 5477(VM).**

United States District Court, S.D. New York.

April 26, 2007.

Cy Greene, New York, NY, Plaintiff pro se.

Brian J. Schmidt, New York, NY, for defendants.

## DECISION AND ORDER

MARRERO, District Judge.

Pro se plaintiff Cy Greene ("Greene") brought this case against defendants William Mazzuca ("Mazzuca"), Anne Cole ("Cole"), Linda Barrett ("Barrett"), Glenn Goord ("Goord") and Allen Cave ("Cave") (collectively, "Defendants") pursuant to 42 U.S.C. § 1983 ("§ 1983") alleging that he was harassed, that Barrett issued him a false misbehavior report in retaliation for his prior administrative complaints against her, and that he was denied due process at his subsequent disciplinary hearing. On April 4, 2006, Mazzuca, Cole, Goord and Cave moved to dismiss the complaint pursuant to Federal Rule of Civil Procedure 12(b)(6) on the ground that it fails to state a claim upon which relief may be granted. The motion indicates that it was not submitted on behalf of Barrett because she had not been served with process. On February 27, 2007, the Court dismissed Greene's complaint and indicated that it would set forth the findings, reasoning and conclusions for its ruling in a subsequent decision and order. For the reasons discussed below, Defendants' motion to dismiss Greene's complaint is GRANTED.

## I. BACKGROUND

The following facts are taken primarily from Greene's complaint ("Compl."), dated October 4, 2004, and Greene's response to

Defendants' motion to dismiss, dated June 18, 2006, which the Court accepts as true for the purpose of ruling on the motions to dismiss. *See Chambers v. Time Warner, Inc.*, 282 F.3d 147, 152 (2d Cir.2002) (*citing Gregory v. Daly*, 243 F.3d 687, 691 (2d Cir.2001)).

In October 2001, Greene began work at the hospital of Fishkill Correctional Facility ("Fishkill"). From his arrival until his departure in February 2002, Greene had numerous altercations with Barrett, a housekeeper at the facility, during which Greene asserts he was harassed and threatened. Specifically, Greene complains that Barrett, along with other prison employees, screamed at him, spit in his face, and threatened him with solitary confinement.

On December 27, 2001, Greene was ordered to buff the floor of the hospital basement. Greene protested that he did not have adequate training to buff. Barrett retrieved a training form which indicated that Greene had been trained on how to buff. Greene instituted a grievance with the Inmate Grievance Resolution Committee ("IGRC") asserting that the form was forged. Defendants Goord, Commissioner of the New York State Department of Correctional Services ("DOCS"), Cole, former Deputy Superintendent for Heath Services at Fishkill, and Mazzuca, former Superintendent of Fishkill, all received notice of the grievance and its contents. Cave, Correction Lieutenant at Fishkill, participated in the investigation into Greene's claims. The IGRC responded that although the training form appeared to be filled out incorrectly, another training form dated January 3, 2002 indicated that Greene had received training on how to buff and that the form had been completed correctly. Greene appealed this decision to Mazzuca. On April 4, 2002, Mazzuca respond-ed that an investigation had been conducted, and that all of the forms in question had been completed correctly. Greene appealed this decision to the Central Office Review Committee ("CORC") noting that Mazzuca's decision was at odds with the IGRC's. CORC's reply, dated May 8, 2002, noted that the first training form that Barrett produced was not completed appropriately but that the subsequent training form was. No wrongdoing by Barrett was found, and no action was taken during any level of the proceedings.

On January 25, 2002, Barrett filed a disciplinary action against Greene charging inappropriate comments. A hearing was conducted on January 29, 2002 at which Greene was found culpable and sentenced to 180 days in the security housing unit ("SHU") and 180 days without phone privileges. Greene claims that he was humiliated at the hearing and his due process rights were violated.

## II. *DISCUSSION*

### A. *STANDARD OF REVIEW*

■ To survive dismissal, Greene "must assert a cognizable claim and allege facts that, if true, would support such a claim." *Boddie v. Schnieder*, 105 F.3d 857, 860 (2d Cir.1997). In evaluating whether Greene has met these requirements, complaints prepared pro se are held "to less stringent standards than formal pleadings drafted by lawyers." *Id.* (*quoting Haines v. Kerner*, 404 U.S. 519, 520, 92 S.Ct. 594, 30 L.Ed.2d 652 (1972)).

### B. *CONSTITUTIONAL CLAIMS*

■ To state a claim under § 1983, Greene must show that while acting under color of state law, Defendants deprived him of his federal constitutional or statutory rights. *See Pabon v. Wright*, 459 F.3d

241, 249 (2d Cir.2006). Greene's claims are (1) that he was harassed by Barrett, (2) that he was falsely accused of inappropriate conduct by Barrett in retaliation for a complaint he filed against her, (3) that he was deprived of due process at his disciplinary hearing, and (4) that Mazzuca, Gold, Goord, and Cave did not adequately respond to his complaints of harassment and denial of due process. (*See* Compl. at 7–8).

### 1. *Harassment*

Green alleges that Barrett and other prison officials harassed him by yelling at him, spitting on him, and threatening him with time in the SHU. Green also alleges that Mazzuca, Gold, Goord, and Cave knew of these incidents and did not adequately respond.

■■■ Prisoners have no constitutional right to be free from harassment. *See Aziz Zarif Shabazz v. Pico*, 994 F.Supp. 460, 474 (S.D.N.Y.1998). Harassment may be so drastic as to violate the Eighth Amendment's right to be free from cruel and usual punishment, but only in the harshest of circumstances. *See Boddie*, 105 F.3d at 861. The alleged harassment must be objectively and sufficiently serious, denying Greene the minimal civilized measure of life's necessities. *See id.* (*quoting Farmer v. Brennan*, 511 U.S. 825, 834, 114 S.Ct. 1970, 128 L.Ed.2d 811 (1994)). Under the rigorous objective standard, conditions that cannot be said to be cruel and unusual under contemporary standards of human decency are not unconstitutional. *See Rhodes v. Chapman*, 452 U.S. 337, 347, 101 S.Ct. 2392, 69 L.Ed.2d 59 (1981). A prison's conditions may be restrictive and even harsh, but, as the Supreme Court has recognized, it is part of the penalty that criminal offenders pay for their offenses. *See id.* In addition to the objective test, those committing the harassment must also ex-

hibit deliberate indifference to the inmate's significant needs of health or safety. *See Farmer*, 511 U.S. at 834, 114 S.Ct. 1970. Finally, Greene must show some injury or damage resulting from the alleged harassment to state a claim under § 1983. *See Brown v. Croce*, 967 F.Supp. 101, 104 (S.D.N.Y.1997) (*citing Purcell v. Coughlin*, 790 F.2d 263, 265 (2d Cir.1986)).

■■■ Greene's claims of harassment do not rise to the level of a § 1983 claim. Accepting as true Greene's allegations that he was yelled and spit at, and threatened with time in the SHU, none of these actions rise to the level at which prevailing doctrine sets the constitutional bar to establish cruel and usual punishment in this regard. *See Sims v. Artuz*, 230 F.3d 14, 22 (2d Cir.2000) (stating that not every push or shove violates a prisoner's constitutional rights); *Aziz Zarif Shabazz*, 994 F.Supp. at 474 (finding no constitutional violation by even the most reprehensible verbal harassment or profanity). Additionally, Greene alleges no serious injury or damage due to the harassment. Greene thus fails to satisfy either the objective or subjective tests to obtain relief under § 1983.

■■■ Additionally, in determining Greene's harassment claims against Mazzuca, Gold, Goord, and Cave, a finding of personal involvement by the individual defendants in an alleged constitutional deprivation is a prerequisite to an award of damages under § 1983. *See Feingold v. New York*, 366 F.3d 138, 159 (2d Cir.2004). Greene does not assert that Mazzuca, Cole, Goord, or Cave were directly involved in the in the alleged harassment. Instead, Greene states that he "gave all the defendants numerous opportunities to rectify this unjust matter, by letters to and from their offices." (Compl. 7.) Greene claims that the Defendants should be held liable due to their supervisory positions.

 A supervisor's personal involvement may be shown by:

(1) actual direct participation in the constitutional violation, (2) failure to remedy a wrong after being informed through a report or appeal, (3) creation of a policy or custom that sanctioned conduct amounting to a constitutional violation or allowing such a policy or custom to continue, (4) grossly negligent supervision of subordinates who committed a violation, or (5) failure to act on information indicating that unconstitutional acts were occurring.

*Hernandez v. Keane,* 341 F.3d 137, 145 (2d Cir.2003). Greene's letters fail to demonstrate any of the *Hernandez* factors. There is no doubt that these four defendants were informed of Greene's belief that his rights were being violated, but such notice, by itself, is not sufficient to show knowledge or personal participation in a violation. *See Rivera v. Goord,* 119 F.Supp.2d 327, 344 (S.D.N.Y.2000) (citing cases holding that letters written by inmate but ignored by supervisors do not adequately establish personal involvement). The response letters written by Defendants to Greene show a reliance on the administrative complaint system in which Greene was involved. (*See* Letters dated January 15, January 28, and February 19, February 26, and February 28, 2002, attached as Ex. B to Declaration of Brian J. Schmidt in Support of Defendants' Motion to Dismiss the Complaint, dated April 3, 2006 ("Schmidt Decl.").) No subsequent action was required of Defendants to Greene's grievances or complaints. *See Thompson v. New York,* 2001 WL 636432 (S.D.N.Y.2001).

Because Greene has not shown a cognizable claim by asserting harassment, and his allegations against Mazzuca, Gold, Goord, and Cave additionally fail to indicate sufficient personal involvement in the alleged constitutional deprivations, directly or through a supervisory capacity, the Court must dismiss Greene's harassment claims against all Defendants.

2. *Retaliation*

 Greene also alleges that Barrett retaliated against him in response to his filing a complaint with the IGRC by falsely accusing Greene of inappropriate behavior. The Prison Litigation Reform Act ("PLRA") states in relevant part that "no action shall be brought with respect to prison conditions under [§ 1983], or any other Federal law, by a prisoner confined in any jail, prison, or other correctional facility until such administrative remedies as are available are exhausted." 42 U.S.C. § 1997e(a). The PLRA's exhaustion requirement "applies to all inmate suits about prison life, whether they involve general circumstances or particular episodes, and whether they allege excessive force or some other wrong." *Porter v. Nussle,* 534 U.S. 516, 532, 122 S.Ct. 983, 152 L.Ed.2d 12 (2002); *see also Ortiz v. McBride,* 380 F.3d 649, 656 (2d Cir.2004) (acknowledging the exhaustion requirement and applying it to an alleged due process violation).

 DOCS has a three-tiered grievance system, all levels of which must be exhausted before a § 1983 may be brought in federal court. *See Porter,* 534 U.S. at 524, 122 S.Ct. 983. Greene has filed only one complaint with the grievance system, citing the December 27, 2001 altercation with Barrett where she allegedly forged a training form. This grievance was investigated and adjudicated at all three tiers of DOCS. (*See* Inmate Grievance Records, attached as Ex. C to Schmidt Decl.) It is, however, the only claim Greene makes which has been fully exhausted under § 1997e(a). Because Greene failed to institute a grievance within the DOCS sys-

tem and exhaust his administrative remedies with respect to his retaliation claim, that claim must be dismissed.

### 3. *Due Process*

Finally, Greene alleges that he was denied due process in his January 29, 2002 hearing initiated by Barrett. However, Greene does not assert that any of Defendants were personally involved in the hearing. Greene's claim for a showing of personal involvement through supervisory capacity also fails as to Mazzuca, Gold, Goord, and Cave for the reasons discussed above with respect to his harassment claim. Additionally, Greene has failed to exhaust his administrative remedies for this claim. Accordingly, Greene's due process claim must be dismissed.

### III. *ORDER*

For the reasons stated above, it is hereby

**ORDERED** that the Court's Order dated February 27, 2007 is amended to incorporate the discussion above; and it is further

**ORDERED** that the motion to dismiss (Docket No. 18) of defendants William Mazzuca, Anne Cole, Glenn Goord, and Allen Cave is GRANTED; and it is further

**ORDERED** that the complaint of plaintiff Cy Greene is DISMISSED in its entirety.

The Clerk of Court is direct to close this case.

**SO ORDERED.**