**Hank PURCELL, Jr.,
Plaintiff-Appellant,**

**v.**

**Com. Tom COUGHLIN, Warden Dominic Montello, Edward Abbott, Dolores Weztherbee, William Reisdorf, Carl Berg and Guard Luczrelli, Defendants-Appellees.**

**No. 960, Docket 85–2251.**

United States Court of Appeals, Second Circuit.

Argued March 26, 1986.
Decided May 13, 1986.

Richard L. Klein, New York City (Willkie Farr & Gallagher, New York City, of counsel), for plaintiff-appellant.

Lisa Margaret Smith, Asst. Atty. Gen., State of N.Y. (Robert Abrams, Atty. Gen. of the State of N.Y., Robert Hermann, Sol. Gen., Peter H. Schiff, Deputy Sol. Gen., State of N.Y., Albany, N.Y., of counsel), for defendants-appellees.

Before KAUFMAN, MANSFIELD and MESKILL, Circuit Judges.

PER CURIAM:

Appellant Hank Purcell, Jr. appeals from a judgment dismissing his *pro se* complaint for compensatory and injunctive relief under 42 U.S.C. § 1983 (1982). Applying our reasoning in *Washington v. James*, 782 F.2d 1134 (2d Cir.1986), we hold that the complaint adequately stated causes of action under section 1983 for interference with Purcell's incoming and outgoing mail and for retaliation against him for commencing this litigation.

In a complaint dated August 8, 1984, Purcell claimed that various prison officials (1) between March 9, 1984 and August 8, 1984 denied him periodicals that he was entitled to receive; (2) on July 26, 1984 interfered with his outgoing personal and legal mail; (3) on July 25, 1984 called him names; (4) on July 25, 1984 denied him the right to purchase pens; and (5) put him on Central Monitoring Case (CMC) status in retaliation for seeking to vindicate his legal rights. Purcell's complaint named the commissioner of the New York Department of Correctional Services, the superintendent, program coordinator, commissary clerk, two mail room clerks and a guard at the Alden Correctional Facility in Alden, New York, where Purcell was then incarcerated.

Six of the defendants moved to dismiss the complaint for failure to state a cause of action. Purcell filed several sets of lengthy responding papers which attempted to clarify the claims made in the complaint. These papers also alleged that various parties at several different institutions had punished Purcell for his legal efforts and denied him proper medical treatment.

██ By decision and order dated August 2, 1985, the district court summarily

dismissed Purcell's complaint with respect to all claims and defendants. Addressing Purcell's claims that prison guards called him names and denied him pens, the court stated that the name calling claim did not allege a constitutional violation and that the denial of pens claim was refuted by Purcell's writing to the court on several occasions. The dismissal of the latter claim was proper because the complaint did not allege any injury stemming from the denial of pens on one occasion. In view of the apparent fact that Purcell has not suffered harm from the denial, even liberal pleading rules do not suggest that such an allegation was implicit in the complaint. The claim that a prison guard called Purcell names also did not allege any appreciable injury and was properly dismissed. *See McCann v. Coughlin*, 698 F.2d 112, 126 (2d Cir.1983).

The district court's judgment was also correct insofar as it dismissed those portions of the retaliation and denial of medical treatment claims that were directed at persons not named in the original complaint. Purcell's prolix allegations about the denial of medical treatment do not meet even the most liberal pleading requirements and were properly dismissed for, among other reasons, failure properly to join or serve parties. *See* Fed.R.Civ.P. 12(b)(5).

The district court did not have the benefit of our decision in *Washington v. James*, 782 F.2d 1134 (2d Cir.1986), when it decided the motion to dismiss Purcell's claims of violations of his right to send mail and receive periodicals. In *Washington*, we held that even two alleged instances of mail interference were sufficient to suggest a continuing activity, and therefore reversed a grant of a Rule 12(b)(6) motion. 782 F.2d at 1139. That case controls here and requires us to reverse the dismissal of the claims relating to interference with Purcell's outgoing and incoming mail.

Purcell's complaint also stated that prison officials placed him on CMC status in retaliation for asserting his legal rights.

Accepting this allegation as true, as we must for purposes of this motion to dismiss, it states a claim for relief. *See Mawhinney v. Henderson*, 542 F.2d 1, 3 (2d Cir.1976).

In remanding this case, we note that the prayer for injunctive relief may still properly be dismissed on mootness grounds because Purcell is no longer incarcerated at the Alden Correctional Facility. *See Washington*, 782 F.2d at 1137. We make no suggestion as to the proper disposition of a Rule 56 motion for summary judgment, should defendants make one.

The judgment is affirmed in part and reversed in part and the matter is remanded to the district court for further proceedings not inconsistent with this opinion.