101 F.3d 681
 NOTICE: THIS SUMMARY ORDER MAY NOT BE CITED AS PRECEDENTIAL AUTHORITY, BUT MAY BE CALLED TO THE ATTENTION OF THE COURT IN A SUBSEQUENT STAGE OF THIS CASE, IN A RELATED CASE, OR IN ANY CASE FOR PURPOSES OF COLLATERAL ESTOPPEL OR RES JUDICATA. SEE SECOND CIRCUIT RULE 0.23.
Theodore M. BLACK, Plaintiff-Appellant,
v.
Mario CUOMO; Thomas A. Coughlin, III, Commissioner of the
NYS Dept. of Correctional Services; Ronald Miles; Robert
J. McCelellan, Superintendent; W. Cuer, Deputy Supt. for
Security; Carol Hayden; Sargent C. West; Dr. Milagros
Mejillano, Riddick, Defendants-Appellees.
 No. 95-2678.
 United States Court of Appeals, Second Circuit.
 April 1, 1996.
 
 APPEARING FOR APPELLANT: Theodore M. Black, pro se, Attica, NY
 APPEARING FOR APPELLEES: Martin A. Hotvet, Albany, NY
 Before WALKER, McLAUGHLIN and LEVAL, Circuit Judges.
 
 
 1
 This cause came on to be heard on the transcript of record from the United States District Court for the Western District of New York and was taken on submission.
 
 
 2
 ON CONSIDERATION WHEREOF, IT IS HEREBY ORDERED, ADJUDGED AND DECREED that the judgment of the District Court is hereby AFFIRMED.
 
 
 3
 Plaintiff-appellant Theodore M. Black, a prisoner appearing pro se, appeals from an October 5, 1995 order of the United States District Court for the Western District of New York dismissing his complaint and entering summary judgment in favor of all defendants.
 
 
 4
 Black initiated this action under 42 U.S.C. § 1983 and alleged various violations of his constitutional rights while he was incarcerated at the Southport Correctional Facility. Specifically, Black claimed that he was denied items and services to which he was entitled, that he was improperly placed in full restraints, that he was illegally strip-frisked on numerous occasions and that the Southport staff refused to transfer him to a new facility despite this obvious harassment.
 
 
 5
 As the District Court correctly concluded, none of Black's harassment claims were serious enough to warrant Eighth Amendment protection. First, Black failed to prove the "unnecessary and wanton infliction of pain" by prison officials. Whitley v. Albers, 475 U.S. 312, 319 (1986). Second, all of his claims, including verbal harassment, denial of haircuts, withholding of law library books for two days, late delivery of food and denial of a pen, fall short of the degree of seriousness demanded by the Eighth Amendment. Purcell v. Coughlin, 790 F.2d 263, 265 (2d Cir.1986). Even taken together, these alleged actions, as the district court noted, are burdensome and annoying, not "cruel and unusual."
 
 
 6
 With respect to Black's claims that he was unconstitutionally placed in full restraints and illegally strip-frisked, these allegations were insufficient to defeat a motion for summary judgment. Black failed to show that placement in such restraints imposed "atypical and significant hardship" so as to warrant further investigation as to whether plaintiff's due process rights were violated. Sandin v. Conner, 115 S.Ct. 2293, 2300 (1995). In addition, there was no evidence that the defendants created or condoned a policy of allowing illegal strip searches. Colon v. Coughlin, 58 F.3d 865, 873 (2d Cir.1995).
 
 
 7
 Finally, Black's transfer claim is similarly without merit in that a prisoner holds no inherent constitutional interest in being housed in the facility of his choice. Meachum v. Fano, 427 U.S. 215, 224 (1976).
 
 
 8
 For the reasons set forth above, the judgment of the district court is hereby AFFIRMED.