IN THE COURT OF APPEALS OF TENNESSEE
AT NASHVILLE
Assigned on Briefs December 11, 2001

### JERRY L. LUSTER v. B. CAMPBELL SMOOT

**Appeal from the Circuit Court for Coffee County**
**No. 30,127     Lee Russell, Judge, By Interchange**

_____

**No. M2000-02191-COA-R3-CV - Filed May 2, 2002**

_____

A prisoner filed a civil rights intimidation suit against a public defender who uttered a racial slur during a recess in the plaintiff's criminal trial. The trial court granted summary judgment to the public defender. We affirm.

**Tenn. R. App. P. 3 Appeal as of Right; Judgment of the Circuit Court**
**Affirmed and Remanded**

BEN H. CANTRELL, P.J., M.S., delivered the opinion of the court, in which WILLIAM C. KOCH, JR. and WILLIAM B. CAIN, JJ., joined.

Jerry L. Luster, Whiteville, Tennessee, Pro Se.

H. Thomas Parsons, Manchester, Tennessee, for the appellee, B. Campbell Smoot.

**OPINION**

**I.**

Jerry Luster was on trial in a criminal matter. Public Defender B. Campbell Smoot was defending him, and Mr. Luster was not happy with the quality of the defense Mr. Smoot was providing. According to Mr. Luster's affidavit, the Public Defender failed to take proper measures before the criminal trial to deal with "false reports" and "tampering" and "other issues." Mr. Luster also complained about Mr. Smoot's "lack of interest," "lack of time," and "unwillingness of ethical obligation." He also stated that he and Mr. Smoot disagreed about how the criminal trial was "split up", presumably referring to a severance issue.

Further, during a conference conducted during a recess in the trial on November 17, 1998, he and Mr. Smoot argued, and according to the affidavit, "a prejudice remark was made in which

Campbell Smoot let slip a remark niger that made me feel hurt . . . ." Signed but unsworn statements by two inmates confirming Mr. Luster's account of that incident were included in the affidavit.

The trial resulted in a conviction and a sentence of imprisonment for Mr. Luster. On November 19, 1999, he filed a hand-written complaint naming Mr. Smoot as defendant. The cover page of the complaint stated that its subject was "Civil Complaint RE. Official misconduct, violation of lawyer oath, Violation of Civil Rights pursuant to 42 U.S.C. Sec 1983, Civil rights intimidation." The body of the complaint consisted simply of the above-mentioned affidavit, and a paragraph entitled "Relief," which asked for $300,000 in damages, and that Mr. Smoot be made to answer in his official and individual capacity.

Mr. Smoot filed a Motion for Summary Judgment, which argued that he was entitled to immunity under Tenn. Code. Ann. § 8-14-209, which immunizes public defenders from lawsuits arising out of the exercise of their official duties. In his accompanying affidavit, he alleged that "at all times in his representation of the plaintiff, it was in his official capacity as the elected Public Defender for the Fourteenth Judicial District of Tennessee."

Mr. Luster filed an answer which stated that Mr. Smoot should not be allowed to hide behind the protection of Tenn. Code Ann. § 8-14-209, that he was not acting under color of law, and alleged (falsely) that Mr. Smoot was appointed through the District Attorney's office (in fact, he was elected by the people of the Fourteenth District), that he was not a Public Official and therefore not entitled to immunity, and that he was under the protection of the District Attorney's office.

Judge John Rollins recused himself from this case, and it was transferred by interchange to Judge Lee Russell. After a hearing, the judge issued a memorandum opinion, followed by an order granting Mr. Smoot's summary judgment motion. The court observed that the issues relating to trial strategy and to the conduct of Mr. Luster's defense could be properly raised in a post-conviction proceeding arising out of the criminal case, and that the immunity statute precludes a civil suit for such grievances.

As for Mr. Smoot's unfortunate remark, the trial court observed that this presented a closer issue, and stated that "[m]aking racial slurs is not part of the duties of a public defender, and making racial slurs is never appropriate." The court noted, however, that the mid-trial conference between the parties during which the public defender "let slip" the racial slur arose from the public defender's official duties, and that he had engaged in the conference in his official capacity. The court further noted that,

> "[t]he immunity statute does not deal with the propriety or reasonableness or effectiveness of an action, but only with the capacity of the actor (whether acting officially or otherwise) and with the occasion for the activity (whether arising from the execution of the actor's official duties or arising from some private activity)."

The court therefore concluded that the immunity statute applied and that the public defender was entitled to summary judgment on this claim as well. Mr. Luster appealed.

**II.**

The appellant filed three briefs in this court, two of which were handwritten and nearly undecipherable. None of the briefs took issue with the trial judge's dismissal of the complaints relating to the public defender's performance at the appellant's trial. All of them, however, contained vehement objections to the dismissal of the claims related to the racial slur.

Like the trial court, we also believe that racial slurs are never appropriate, and we can sympathize with the feeling of outrage Mr. Luster has expressed. There is a difference, however, between conduct that is actionable, and conduct that is merely objectionable. Even if we put aside the possibility of immunity for Mr. Smoot under Tenn. Code. Ann. § 8-14-109, it does not appear to us that Mr. Luster has described conduct that meets the requirements for maintaining a cause of action under either federal or state law.

In *Pendleton v. Mills*, ___ S.W.3d ___ (2001), this court cited numerous cases in the federal courts that have uniformly held that verbal threats and insults alone, even including racial slurs, do not provide grounds for a federal civil rights action. *Purcell v. Coughlin*, 790 F.2d 263, 265 (2d Cir. 1986), *Shabazz v. Cole,* 69 F. Supp.2d 177, 201 (D. Mass 1999). Rather, "to be actionable under 42 U.S.C. §1983, the verbal abuse must be accompanied by a wanton act of cruelty which, if it occurred, would be considered unusually brutal." ___ S.W.3d at ___. *See also Burton v. Livingston*, 791 F.2d 97 (8th Cir. 1986). The record before us does not indicate that any such acts were committed by the defendant.

Turning to Mr. Luster's claim under state law, he argues on appeal that Mr. Smoot's utterance was a violation of Tenn. Code. Ann. § 39-17-309, which defines the crime of Civil Rights Intimidation as follows:

> (b) A person commits the offense of intimidating others from exercising civil rights who:
>> (1) Injures or threatens to injure or coerces another person with the intent to unlawfully intimidate another from the free exercise or enjoyment of any right or privilege secured by the constitution or laws of the state of Tennessee;
>> (2) Injures or threatens to injure or coerces another person with the intent to unlawfully intimidate another because that other exercised any right or privilege secured by the constitution or laws of the United States or the constitution or laws of the state of Tennessee;
>> (3) Damages, destroys or defaces any real or personal property of another person with the intent to unlawfully intimidate another from the free exercise or enjoyment of any right or privilege secured by the constitution or laws of the state of Tennessee; or

(4) Damages, destroys or defaces any real or personal property of another person with the intent to unlawfully intimidate another because that other exercised any right or privilege secured by the constitution or laws of the United States or the constitution or laws of the state of Tennessee.

Section (e) of that statute states that "The penalties provided in this section for intimidating others from exercising civil rights do not preclude victims from seeking any other remedies, criminal or civil, otherwise available under law."

The appellant also refers us to Tenn. Code. Ann. § 4-21-701, which reads in its entirety:

(a) There is hereby created a civil cause of action for malicious harassment.
(b) A person may be liable to the victim of malicious harassment for both special and general damages, including, but not limited to, damages for emotional distress, reasonable attorney's fees and costs, and punitive damages.

In one of the few reported cases dealing with either statute, the Tennessee Supreme Court specifically found that the elements of a civil claim of malicious harassment under the Tennessee Human Rights Act are derived from the criminal offense of civil rights intimidation. *Washington v. Robertson County*, 29 S.W.3d 466 (Tenn. 2000).

The appellee argues that the dictionary definition of harassment implies a series of acts, rather than a single act, and therefore that the statute cannot be used to pursue a civil action against a party who has only committed a single act of civil rights intimidation. We do not agree. We believe that even a single act of intimidation, if sufficiently threatening or injurious can meet the definition found in Tenn. Code. Ann. § 39-17-309(b) and form the basis of a civil claim under that statute. However, it does not appear to us that the utterance of a single word on one occasion, however hateful that word may sound in the ears of its listeners, is sufficient to support a claim for malicious harassment.

Further, Tenn. Code. Ann. § 39-17-309(b) clearly specifies that its sanctions are only directed against intentional conduct. Of course, Mr. Luster's own complaint that the public defender "let slip" the racial slur clearly indicates negligent rather than intentional conduct.

## III.

The order of the trial court is affirmed. Remand this cause to the Circuit Court of Coffee County for further proceedings consistent with this opinion. Tax the costs on appeal to the appellant, Jerry Luster.

_____
BEN H. CANTRELL, PRESIDING JUDGE, M.S.