08-5602-pr
Taylor v. Conway

# UNITED STATES COURT OF APPEALS
# FOR THE SECOND CIRCUIT

## SUMMARY ORDER

**RULINGS BY SUMMARY ORDER DO NOT HAVE PRECEDENTIAL EFFECT. CITATION TO A SUMMARY ORDER FILED ON OR AFTER JANUARY 1, 2007, IS PERMITTED AND IS GOVERNED BY FEDERAL RULE OF APPELLATE PROCEDURE 32.1 AND THIS COURT'S LOCAL RULE 32.1.1. WHEN CITING A SUMMARY ORDER IN A DOCUMENT FILED WITH THIS COURT, A PARTY MUST CITE EITHER THE FEDERAL APPENDIX OR AN ELECTRONIC DATABASE (WITH THE NOTATION "SUMMARY ORDER"). A PARTY CITING A SUMMARY ORDER MUST SERVE A COPY OF IT ON ANY PARTY NOT REPRESENTED BY COUNSEL.**

At a stated term of the United States Court of Appeals for the Second Circuit, held at the Daniel Patrick Moynihan United States Courthouse, 500 Pearl Street, in the City of New York, on the 18th day of June, two thousand ten.

PRESENT:
> RALPH K. WINTER,
> PETER W. HALL,
> *Circuit Judges*,
> MIRIAM GOLDMAN CEDARBAUM,*
> *District Judge.*

_____

David Paul Taylor,

> *Plaintiff-Appellant*,

> v.                                                                                    08-5602-pr

Matt Conway, *et al.*,

> Defendants-Appellees.

_____

FOR PLAINTIFF-APPELLANT:                David Paul Taylor, *pro se,* Suffield, CT.

_____

\* The Honorable Miriam Goldman Cedarbaum of the United States District Court for the Southern District of New York, sitting by designation.

FOR DEFENDANTS-APPELLEES:        Robert B. Fiske, Attorney General's Office, State of Connecticut, Hartford, CT.

**UPON DUE CONSIDERATION, it is hereby ORDERED, ADJUDGED AND DECREED** that the judgment of the district court is **AFFIRMED**.

Plaintiff-Appellant David Paul Taylor, *pro se* and incarcerated, appeals from the judgment of the United States District Court for the District of Connecticut (Underhill, *J.*), granting summary judgment to Appellees on Appellant's 42 U.S.C. § 1983 claims. We assume the parties' familiarity with the facts and procedural history.

We review orders granting summary judgment *de novo* and focus on whether the district court properly concluded that there was no genuine issue as to any material fact and the moving party was entitled to judgment as a matter of law. *Miller v. Wolpoff & Abramson, L.L.P.*, 321 F.3d 292, 300 (2d Cir. 2003). Having conducted an independent and *de novo* review, we find, for substantially the same reasons as the district court, that Appellant failed to demonstrate his exposure to environmental tobacco smoke ("ETS") was "unreasonably high" such that it constituted a violation of the Eighth Amendment. *See Helling v. McKinney*, 509 U.S. 25, 35 (1993); *see also Davis v. New York*, 316 F.3d 93, 100 (2d Cir. 2002) (reversing grant of summary judgment where plaintiff was able to show he was exposed to high levels of ETS by being bunked in his cell with a smoker and surrounded by seven inmates who were chain smokers or frequent smokers); *Warren v. Keane*, 196 F.3d 330, 331, 333 (2d Cir. 1999) (denying qualified immunity where the plaintiffs alleged that inmates had smoked "freely in their cells," and there had been "under-enforcement of inadequate smoking rules, overcrowding of inmates[,] and poor ventilation" ).

We further conclude, for substantially the same reasons as the district court, that Appellant was unable to sustain a retaliation claim under § 1983. *See Purcell v. Coughlin*, 790 F.2d 263, 265 (2d Cir. 1986) (holding verbal harassment is not actionable under § 1983); *Lowrance v. Achtyl*, 20 F.3d 529, 535 (2d Cir. 1994) (explaining that "the defendants had met their burden because it was undisputed that [the prisoner] had in fact committed the prohibited

conduct" that led to the issuance of a misbehavior report against him); *Cutter v. Wilkinson*, 544 U.S. 709, 725 n.13 (2005) (stating that "prison security is a compelling state interest, and that deference is due to institutional officials' expertise in this area").

For the reasons stated above, the judgment of the district court is **AFFIRMED**.

FOR THE COURT:
Catherine O'Hagan Wolfe, Clerk