13-1293-pr
Williams v. Dubray

# UNITED STATES COURT OF APPEALS
# FOR THE SECOND CIRCUIT

# <u>SUMMARY ORDER</u>

**RULINGS BY SUMMARY ORDER DO NOT HAVE PRECEDENTIAL EFFECT. CITATION TO A SUMMARY ORDER FILED ON OR AFTER JANUARY 1, 2007, IS PERMITTED AND IS GOVERNED BY FEDERAL RULE OF APPELLATE PROCEDURE 32.1 AND THIS COURT'S LOCAL RULE 32.1.1. WHEN CITING A SUMMARY ORDER IN A DOCUMENT FILED WITH THIS COURT, A PARTY MUST CITE EITHER THE FEDERAL APPENDIX OR AN ELECTRONIC DATABASE (WITH THE NOTATION "SUMMARY ORDER"). A PARTY CITING TO A SUMMARY ORDER MUST SERVE A COPY OF IT ON ANY PARTY NOT REPRESENTED BY COUNSEL.**

At a stated term of the United States Court of Appeals for the Second Circuit, held at the Thurgood Marshall United States Courthouse, 40 Foley Square, in the City of New York, on the 26th day of February, two thousand fourteen.

PRESENT:
> ROBERT A. KATZMANN,
> > *Chief Judge,*
> RICHARD C. WESLEY,
> RAYMOND J. LOHIER, JR.,
> > *Circuit Judges.*

_____

RONALD EDWARD WILLIAMS,

> *Plaintiff-Appellant,*

> v.                                        13-1293-pr

KEITH DUBRAY, Acting Director,
Special Housing, JOHN CROWLEY, Senior
Investigator, Inspector General's Office,
J. TEDFORD, Superintendent, Camp Gabriels
Correctional Facility,

> *Defendants-Appellees,*

BRIAN FISCHER, Commissioner of Department
of Correctional Services,

> *Defendant.*[*]

_____

_____

[*] The Clerk of the Court is directed to amend the official caption as noted above.

FOR PLAINTIFF-APPELLANT:        Ronald Edward Williams, *pro se*, Terre Haute, IN.

FOR DEFENDANT-APPELLEE DUBRAY:  Jeffrey W. Lang, Assistant Solicitor General (Barbara D. Underwood, Solicitor General, Denise A. Hartman, Assistant Solicitor General, *on the brief*), *for* Eric T. Schneiderman, Attorney General of the State of New York, Albany, NY.

Appeal from the judgment of the United States District Court for the Northern District of New York (Scullin, *J.*).

**UPON DUE CONSIDERATION, IT IS HEREBY ORDERED, ADJUDGED, AND DECREED** that the judgment of the district court is **AFFIRMED**.

Ronald Edward Williams, *pro se*, appeals the district court's grant of defendant Keith Dubray's motion for summary judgment on Williams's claim under 42 U.S.C. § 1983 that a prison disciplinary proceeding violated his constitutional right to due process because the disciplinary hearing disposition was not supported by sufficient evidence.  Williams also challenges the court's dismissal without prejudice of his claims under § 1983 that defendant J. Tedford violated his First Amendment rights by opening a letter addressed to him, and that defendant John Crowley improperly interrogated him until he made an inculpatory statement and thereafter issued a false misbehavior report. We assume the parties' familiarity with the underlying facts, the procedural history of the case, and the issues on appeal.

2

We review *de novo* the district court's order granting summary judgment. *See Gonzalez v. City of Schenectady*, 728 F.3d 149, 154 (2d Cir. 2013). "Summary judgment is appropriate if there is no genuine dispute as to any material fact and the moving party is entitled to judgment as a matter of law." *Id.* In determining whether there are genuine disputes of material fact, this Court is "required to resolve all ambiguities and draw all permissible factual inferences in favor of the party against whom summary judgment is sought." *Terry v. Ashcroft*, 336 F.3d 128, 137 (2d Cir. 2003) (internal quotation marks omitted). Summary judgment is appropriate "[w]here the record taken as a whole could not lead a rational trier of fact to find for the non-moving party." *Matsushita Elec. Indus. Co. v. Zenith Radio Corp.*, 475 U.S. 574, 587 (1986).

Having conducted a *de novo* review of the record, we affirm the district court's order for substantially the reasons set forth by the magistrate judge in his September 17, 2012 report and recommendation. As to Williams's argument that the magistrate judge and district court improperly relied on his criminal indictment, we note that it is evident from a full reading of the report and recommendation that the district court did not rely on that conviction to conclude that the evidence presented at Williams's disciplinary proceeding was sufficient to sustain the misconduct charge against him.

3

Williams's arguments on appeal that he was deprived of counsel and *Miranda* warnings at the prison disciplinary proceeding were not raised below and are therefore forfeited. *See Virgilio v. City of New York*, 407 F.3d 105, 116 (2d Cir. 2005). In any event, these arguments are without merit. *See Sira v. Morton*, 380 F.3d 57, 69 (2d Cir. 2004) (noting that there is no right to counsel at prison disciplinary proceedings); *Chavez v. Martinez*, 538 U.S. 760, 772 (2003) (holding that the failure to give *Miranda* warnings is not grounds for a § 1983 action).

We review the district court's *sua sponte* dismissal of Williams's claims against defendants Crowley and Tedford *de novo*. *See Giano v. Goord*, 250 F.3d 146, 149-50 (2d Cir. 2001). A complaint must plead "enough facts to state a claim to relief that is plausible on its face." *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 570 (2007); *see also Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009). A claim will have "facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Iqbal*, 556 U.S. at 678. While a *pro se* complaint must contain sufficient factual allegations to meet the plausibility standard, *see Harris v. Mills*, 572 F.3d 66, 72 (2d Cir. 2009), we afford the *pro se* litigant "special solicitude" and "interpret[] the complaint to raise the strongest claims that

4

it suggests," *Hill v. Curcione*, 657 F.3d 116, 122 (2d Cir. 2011) (quotation marks and alterations omitted).

As to the allegations against Tedford, the district court properly concluded that in the absence of any infringement of the inmate's right of access to the courts, a single incident of mail tampering is insufficient to state a constitutional violation. *See Davis v. Goord*, 320 F.3d 346, 351-52 (2d Cir. 2003).

As to the allegations against Crowley, verbal harassment, without more, is not actionable under § 1983. *See Purcell v. Coughlin*, 790 F.2d 263, 265 (2d Cir. 1986). To the extent that Williams alleged that Crowley's verbal harassment resulted in a statement that was used to support the false misbehavior report and negatively influence the disciplinary hearing officer, it is well settled that a "prison inmate has no constitutionally guaranteed immunity from being falsely or wrongly accused of conduct which may result in the deprivation of a protected liberty interest." *Freeman v. Rideout*, 808 F.2d 949, 951 (2d Cir. 1986); *see also Boddie v. Schnieder*, 105 F.3d 857, 862 (2d Cir. 1997) ("[A] prison inmate has no general constitutional right to be free from being falsely accused in a misbehavior report."). Instead, the inmate must show something more, such as that he was deprived of due process during the resulting disciplinary hearing, or that the misbehavior report was filed in retaliation for the inmate's exercise of his constitutional rights. *See Boddie*, 105 F.3d at 862; *Freeman*, 808 F.2d at 951.

5

Here, Williams did not allege any retaliation and, as discussed above, was not deprived of due process.

Finally, Williams's allegation that Crowley violated his rights under the Fifth and Fourteenth Amendments by forcing him to become a witness against himself at his disciplinary proceeding also fails to state a claim.  While an individual may assert his self-incrimination privilege in any proceeding, "a violation of the constitutional *right* against self-incrimination occurs only if one has been compelled to be a witness against himself in a criminal case."  *Chavez*, 538 U.S. at 770 (emphasis in original); *see also Wolff v. McDonnell*, 418 U.S. 539, 556 (1974) ("Prison disciplinary proceedings are not part of a criminal prosecution, and the full panoply of rights due a defendant in such proceedings does not apply.").

We affirm the dismissal of Williams's remaining claims for substantially the reasons given by the district court, and have considered all of Williams's remaining arguments on appeal and find them to be without merit.  Accordingly, we **AFFIRM** the judgment of the district court.

FOR THE COURT:
Catherine O'Hagan Wolfe, Clerk

6