*Hardy v. Daly, et al*

## UNITED STATES COURT OF APPEALS
## FOR THE SECOND CIRCUIT

### SUMMARY ORDER

RULINGS BY SUMMARY ORDER DO NOT HAVE PRECEDENTIAL EFFECT. CITATION TO A SUMMARY ORDER FILED ON OR AFTER JANUARY 1, 2007, IS PERMITTED AND IS GOVERNED BY FEDERAL RULE OF APPELLATE PROCEDURE 32.1 AND THIS COURT'S LOCAL RULE 32.1.1. WHEN CITING A SUMMARY ORDER IN A DOCUMENT FILED WITH THIS COURT, A PARTY MUST CITE EITHER THE FEDERAL APPENDIX OR AN ELECTRONIC DATABASE (WITH THE NOTATION "SUMMARY ORDER"). A PARTY CITING A SUMMARY ORDER MUST SERVE A COPY OF IT ON ANY PARTY NOT REPRESENTED BY COUNSEL.

At a stated term of the United States Court of Appeals for the Second Circuit, held at the Thurgood Marshall United States Courthouse, 40 Foley Square, in the City of New York, on the 26th day of September, two thousand eighteen.

PRESENT:  JOHN M. WALKER, JR.,
          DENNY CHIN,
                  *Circuit Judges,*
          JOHN F. KEENAN,
                  *District Judge.* *

- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - -x

RICHARD HARDY,

    *Plaintiff-Appellant,*


    v.            17-2906


POLICE OFFICER DALY, ID: 953777, POLICE
OFFICER JORGE GRULLON,

    *Defendants-Appellees,*


UNKNOWN OFFICER,

    *Defendant.*

- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - -x

FOR PLAINTIFF-APPELLANT:  Richard Hardy, *pro se*, New York, New York.

---

\* Judge John F. Keenan, of the United States District Court for the Southern District of New York, sitting by designation.

FOR DEFENDANTS-APPELLEES:     Scott Shorr, Elizabeth I. Freedman, Assistant Corporation Counsels, *for* Zachary W. Carter, Corporation Counsel of the City of New York, New York, New York.

Appeal from the United States District Court for the Southern District of New York (Sweet, *J.*).

**UPON DUE CONSIDERATION, IT IS HEREBY ORDERED, ADJUDGED, AND DECREED** that the judgment of the district court is **AFFIRMED** in part and **VACATED** in part, and the case is **REMANDED** for further proceedings.

Plaintiff-appellant Richard Hardy, proceeding *pro se*, appeals from the district court's judgment entered September 6, 2017 dismissing his amended complaint with prejudice for failure to state a claim. Hardy sued defendants-appellees New York City Police Officers Patrick Daly and Jorge Grullon raising claims under 42 U.S.C. § 1983 and state law for, *inter alia*, sexual assault, intentional infliction of emotional distress, and failure to intervene. We assume the parties' familiarity with the underlying facts, procedural history, and issues on appeal.

We review *de novo* the dismissal of a complaint under Federal Rule of Civil Procedure 12(b)(6), accepting all the complaint's factual allegations as true, and drawing all reasonable inferences in the plaintiff's favor. *Forest Park Pictures v. Universal Television Network, Inc.*, 683 F.3d 424, 429 (2d Cir. 2012). The complaint must plead "enough facts

2

to state a claim to relief that is plausible on its face," *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007), and "allow[] the court to draw the reasonable inference that the defendant is liable for the misconduct alleged," *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009). In conducting such a review, we must construe *pro se* complaints liberally to raise the strongest claims they suggest. *Hill v. Curcione*, 657 F.3d 116, 122 (2d Cir. 2011).

For substantially the reasons stated in the district court's September 6, 2017 memorandum and opinion, we conclude that the district court properly dismissed Hardy's civil rights claims. Hardy's allegations regarding his wife's mental illness fail to establish that he has standing to bring claims related to the alleged sexual assault upon her, even though there may well be physical evidence to support the claim, *see Mazzocchi v. Windsor Owners Corp.*, 204 F. Supp. 3d 583, 605 (S.D.N.Y. 2016), nor do his allegations that Daly verbally threatened him support a cognizable violation of his constitutional rights, *see Purcell v. Coughlin*, 790 F.2d 263, 265 (2d Cir. 1986) (per curiam) (holding that verbal harassment in the absence of any appreciable injury does not state a claim under § 1983). Moreover, because "[t]here can be no failure to intervene . . . where there was no constitutional violation," *Tavares v. City of New York*, No. 08 Civ. 3782, 2011 WL 5877550, at *7 (S.D.N.Y. Oct. 17, 2011), Hardy's failure to intervene claim against Grullon must also fail.

3

With respect to Hardy's state law claims, however, the district court erred in dismissing for failure to serve a timely notice of claim by not addressing the applicability of N.Y. Gen. Mun. Law § 50–k(3).[2]   Under New York law, service of a notice of claim is a condition precedent to tort actions against a municipal entity or its employees.   *See* N.Y. Gen. Mun. Law §§ 50-e(1)(a), 50-i(l); *Fincher v. Cty. of Westchester*, 979 F. Supp. 989, 1002 (S.D.N.Y. 1997).   These provisions apply to state law claims even when they are brought in federal court.   *See Hardy v. N.Y.C. Health & Hosps. Corp.*, 164 F.3d 789, 793 (2d Cir. 1999).   In actions commenced against a municipal employee -- but not against the employing municipal corporation -- service of a notice of claim upon the corporation is "required *only if* the corporation has a statutory obligation to indemnify [the employee]."   N.Y. Gen. Mun. Law § 50-e(1)(b) (emphasis added); *accord Jean Laurent v. Wilkerson*, 461 F. App'x 18, 24 nn. 3-4 (2d Cir. 2012) (summary order).   A municipality is required to indemnify its employee only if his liability arose from conduct "'within the scope of his employment and in the discharge of his duties,' as long as the employee was 'not in violation of any rule or regulation of his agency' . . . and the injury [did not result] from 'intentional wrongdoing or recklessness on the part of the

---

2       Hardy's amended complaint raises a state law claim of "tortious interference with marital relations."   We, however, affirm the district court's dismissal because such cause of action under New York law has been abolished.   *See* N.Y. Civil Rights Law § 80-a.

4

employee.'" *Jean-Laurent v. Hennessy*, No. 05 Civ. 1155, 2008 WL 3049875, at *19

(E.D.N.Y. Aug. 1, 2008) (quoting N.Y. Gen. Mun. Law § 50–k(3)).

Here, because Hardy's state law tort claims against defendants in their individual capacities are founded on alleged conduct that would be well beyond the scope of employment and "would, by definition, have constituted 'intentional wrongdoing,'" defendants would not have a right to indemnification. *Kavazanjian v. Rice*, No. 03-cv-1923, 2008 WL 5340988, at *6 (E.D.N.Y. Dec. 22, 2008) (finding that plaintiff's state law claims of assault, battery, and intentional infliction of emotional distress were "not procedurally barred by his failure to file a Notice of Claim"); *see also Tulino v. City of New York*, No. 15 Civ. 7106, 2016 WL 2967847, at *3 (S.D.N.Y. May 19, 2016) (denying motion to dismiss where plaintiff's claims of intentional torts were "premised on alleged conduct that would almost certainly be 'in violation of . . . rule[s] or regulation[s]'" (alterations in original)). We therefore conclude that Hardy's state law tort claims are not procedurally barred for failure to file a notice of claim.[3]

We have considered Hardy's remaining arguments and find them to be without merit. Accordingly, the judgment of the district court is hereby **AFFIRMED** in

---

[3] Pursuant to 28 U.S.C. § 1367(c), the district court may, upon remand, decline to exercise supplemental jurisdiction over the remaining state law claim. *Wilkerson*, 461 F. App'x at 26 n. 5. We express no view on that question.

part and **VACATED** in part, and the case is **REMANDED** for further proceedings consistent with this ruling.

FOR THE COURT:
Catherine O'Hagan Wolfe, Clerk of Court