19-3102-cv
*Gerard v. City of New York et al.*

UNITED STATES COURT OF APPEALS
FOR THE SECOND CIRCUIT

**SUMMARY ORDER**

**RULINGS BY SUMMARY ORDER DO NOT HAVE PRECEDENTIAL EFFECT. CITATION TO A SUMMARY ORDER FILED ON OR AFTER JANUARY 1, 2007, IS PERMITTED AND IS GOVERNED BY FEDERAL RULE OF APPELLATE PROCEDURE 32.1 AND THIS COURT'S LOCAL RULE 32.1.1. WHEN CITING A SUMMARY ORDER IN A DOCUMENT FILED WITH THIS COURT, A PARTY MUST CITE EITHER THE FEDERAL APPENDIX OR AN ELECTRONIC DATABASE (WITH THE NOTATION "SUMMARY ORDER"). A PARTY CITING A SUMMARY ORDER MUST SERVE A COPY OF IT ON ANY PARTY NOT REPRESENTED BY COUNSEL.**

At a stated term of the United States Court of Appeals for the Second Circuit, held at the Thurgood Marshall United States Courthouse, 40 Foley Square, in the City of New York, on the 10th day of February, two thousand twenty-one.

PRESENT:    JOHN M. WALKER, JR.,
            RICHARD C. WESLEY,
            WILLIAM J. NARDINI,
                    *Circuit Judges*.

---

ANDRE GERARD,

    *Plaintiff-Appellant,*

    v.                                                          No. 19-3102

THE CITY OF NEW YORK and
NYPD DETECTIVE MICHAEL BIA,

    *Defendants-Appellees.* *

---

FOR PLAINTIFF-APPELLANT:         MARK A. RADI, Sokoloff Stern LLP, Carle Place, NY.

FOR DEFENDANTS-APPELLEES:        ANNA GOTTLIEB, Assistant Corporation Counsel (Richard Dearing, Assistant Corporation Counsel, and Deborah A. Brenner, Assistant Corporation Counsel, *on*

---

* The Clerk of Court is directed to amend the caption as set forth above.

*the brief*), f*or* James E. Johnson, Corporation Counsel of the City of New York, New York, NY.

On appeal from the United States District Court for the Southern District of New York (Lorna G. Schofield, *J.*).

**UPON DUE CONSIDERATION, IT IS HEREBY ORDERED, ADJUDGED, AND DECREED** that the judgment of the district court is **AFFIRMED**.

Plaintiff-Appellant Andre Gerard appeals from a judgment of the district court granting summary judgment to defendants Detective Michael Bia and the City of New York in this action brought pursuant to 42 U.S.C. § 1983. As relevant to this appeal, Gerard alleged that Detective Bia used excessive force against him, in violation of the Fourteenth Amendment's Due Process Clause. We assume the reader's familiarity with the record.

Gerard was in pretrial detention on May 11, 2016, when Detective Bia directed him, pursuant to a court order, to shave his beard in preparation for a police line-up. Gerard had grown the beard for religious purposes since his arrest two months prior; the beard materially altered his appearance from the time of his arrest. Gerard refused to comply with the court order, growing agitated and raising his voice to a "nine or ten" in a profanity-laden confrontation. The parties sharply dispute what happened next, but according to Gerard, Detective Bia took out his gun and threatened to shoot Gerard if he did not cooperate. The district court granted the defendants' motion for summary judgment on qualified immunity grounds, finding that while Detective Bia's actions were "disproportionate and unreasonable," it was not clearly established "that threatening words and behavior alone, without any physical contact, can constitute force for purposes of either

2

the Fourth or Fourteenth Amendment." *Gerard v. City of New York*, No. 17-CV-8076, 2019 WL 4194220, at *3 (S.D.N.Y. Sep. 3, 2019). Gerard challenges this holding on appeal.

"We review *de novo* a district court's grant of summary judgment, construing the evidence in the light most favorable to the nonmoving party and drawing all inferences and resolving all ambiguities in favor of the nonmoving party." *Doro v. Sheet Metal Workers' Int'l Ass'n*, 498 F.3d 152, 155 (2d Cir. 2007). We will affirm a grant of summary judgment only if "there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(a).

We need not, and exercise our discretion not to, decide whether Detective Bia's alleged conduct would have given rise to a constitutional violation, in part because the record is murky on what precisely Gerard alleges Detective Bia did with his gun and what circumstances confronted Detective Bia at the time of the alleged incident. *Cf. Pearson v. Callahan*, 555 U.S. 223, 236 (2009) (permitting a finding of qualified immunity without deciding the constitutionality of the defendant's conduct). Drawing all inferences in favor of Gerard and assuming, for purposes of this appeal only, that Detective Bia brandished his gun and threatened to shoot Gerard when he volubly refused to comply with the court order, Detective Bia was entitled to qualified immunity. "The doctrine of qualified immunity shields officials from civil liability so long as their conduct does not violate clearly established statutory or constitutional rights of which a reasonable person would have known." *Mullenix v. Luna*, 577 U.S. 7, 11 (2015) (internal quotation marks and citation omitted). "[C]learly established law" cannot be defined "at a high level of generality," *Ashcroft v. al-Kidd*, 563 U.S. 731, 742 (2011), but "must be particularized to the facts of the case,"

3

*White v. Pauly*, 137 S. Ct. 548, 552 (2017) (internal quotation marks omitted), so as to give a reasonable officer "fair notice that [the complained-of] conduct [is] unlawful," *Brosseau v. Haugen*, 543 U.S. 194, 198 (2004); *see also Terebesi v. Torreso*, 764 F.3d 217, 231 (2d Cir. 2014) (explaining that, to determine whether the law is clearly established, a court should consider "the specificity with which a right is defined, the existence of Supreme Court or Court of Appeals case law on the subject, and the understanding of a reasonable officer in light of preexisting law"). "[S]pecificity is especially important in the" excessive force context because "[i]t is sometimes difficult for an officer to determine how the relevant legal doctrine . . . will apply to the factual situation the officer confronts." *Mullenix*, 577 U.S. at 12 (second alteration in original) (internal quotation marks omitted); *see also Sloley v. VanBramer*, 945 F.3d 30, 40 (2d Cir. 2019) (same).

The Fourteenth Amendment's "Due Process Clause protects a pretrial detainee from the use of excessive force that amounts to punishment." *Kingsley v. Hendrickson*, 576 U.S. 389, 397 (2015) (internal quotation marks and citation omitted). It is clearly established that the use of deadly force against an unarmed, non-dangerous person is unconstitutional. *See Tennessee v. Garner*, 471 U.S. 1, 11 (1985) (holding, in the Fourth Amendment context, that it is unconstitutional to use deadly force to prevent the escape of a non-violent fleeing suspect). This Court has also held that verbal harassment, absent "any appreciable injury," cannot support an excessive force claim. *See Purcell v. Coughlin*, 790 F.2d 263, 265 (2d Cir. 1986) (holding that officers' name-calling did not violate an inmate's rights). But neither the Supreme Court, nor this Court, has clearly established that a verbal threat combined with a display of a firearm, without

4

any physical contact, constitutes excessive force, much less when it is directed at an uncooperative detainee who is loudly and profanely resisting a court order.

Gerard points to this Court's 2006 statement in *Mills v. Fenger* that "Circuit law could very well support [a] claim that a gunpoint death threat issued to a restrained and unresisting arrestee represents excessive force." 216 F. App'x 7, 9 (2d Cir. 2006). Not only is *Mills* factually distinguishable (Gerard was not cooperative), and its conclusion *dicta* (the case was disposed of for lack of a factual basis) and couched in conditional language (that our precedent "could very well support" such a claim), but even if it were on point, *Mills* is a non-precedential summary order that cannot "clearly establish" the law for qualified immunity purposes. *See* 2d Cir. R. 32.1.1(a); *see also Jackler v. Byrne*, 658 F.3d 225, 244 (2d Cir. 2011) (explaining that a summary order on qualified immunity is not binding on future panels of the Court).

We have considered Gerard's remaining arguments and conclude that they are without merit. For the foregoing reasons, the judgment of the district court is **AFFIRMED**.

FOR THE COURT:
Catherine O'Hagan Wolfe, Clerk of Court

5