20-863-pr
*Animashaun v. Regner*

## UNITED STATES COURT OF APPEALS
## FOR THE SECOND CIRCUIT

# SUMMARY ORDER

**Rulings by summary order do not have precedential effect. Citation to a summary order filed on or after January 1, 2007, is permitted and is governed by Federal Rule of Appellate Procedure 32.1 and this Court's Local Rule 32.1.1. When citing a summary order in a document filed with this Court, a party must cite either the Federal Appendix or an electronic database (with the notation "summary order"). A party citing a summary order must serve a copy of it on any party not represented by counsel.**

At a stated term of the United States Court of Appeals for the Second Circuit, held at the Thurgood Marshall United States Courthouse, 40 Foley Square, in the City of New York, on the 30th day of September, two thousand twenty-one.

PRESENT:  PIERRE N. LEVAL,
JOSÉ A. CABRANES,
ROSEMARY S. POOLER,
*Circuit Judges.*

_____

DAMILOLA ANIMASHAUN AKA
DAMILOLA ANIMSHAUN,

*Plaintiff-Appellant*,

v.                                                                          20-863-pr

CORRECTION OFFICER REGNER,

*Defendant-Appellee*,


_____

**FOR PLAINTIFF-APPELLANT:**          Damilola Animashaun, *pro se*, Towson, MD.


**FOR DEFENDANT-APPELLEE:**

Beezly J. Kiernan, Assistant Solicitor General, Letitia James, Attorney General, State of New York, Barbara D. Underwood, Solicitor General, and Jeffrey

W. Lang, Deputy Solicitor General, Albany, NY.

Appeal from a judgment of the United States District Court for the Northern District of New York entered on January 21, 2020 (Gary L. Sharpe, *Judge*).

**UPON DUE CONSIDERATION, IT IS HEREBY ORDERED, ADJUDGED, AND DECREED** that the judgment of the District Court is **AFFIRMED**.

Plaintiff-Appellant Damilola Animashaun, sued Correction Officer Regner under 42 U.S.C. § 1983, asserting that Regner violated the Eighth Amendment when he verbally harassed him, spat on him, and threw an unknown green liquid that smelled like disinfectant on his skin. After Chief Magistrate Judge Andrew T. Baxter issued a Report and Recommendation concluding that Animashaun had failed to establish an Eighth Amendment claim, on January 21, 2020, the District Court adopted the Report and Recommendation and granted summary judgment in favor of Regner.[1] We assume the parties' familiarity with the underlying facts, the procedural history of the case, and the issues on appeal.

We review a grant of summary judgment de novo, "resolv[ing] all ambiguities and draw[ing] all inferences against the moving party." *Garcia v. Hartford Police Dep't*, 706 F.3d 120, 126-27 (2d Cir. 2013) (per curiam). "Summary judgment is proper only when, construing the evidence in the light most favorable to the non-movant, 'there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law.'" *Doninger v. Niehoff*, 642 F.3d 334, 344 (2d Cir. 2011) (quoting Fed. R. Civ. P. 56(a)).

As an initial matter, we reject Regner's contention that the appeal was not timely filed. Here, the District Court entered judgment on January 21, 2020, so Animashaun had 30 days, or until February 20, 2020, to appeal. *See* 28 U.S.C. § 2107(a); Fed. R. App. P. 4(a)(1)(A). Regardless of whether Animashaun demonstrated that he timely gave his notice of appeal to prison officials to be mailed, as set forth in Federal Rule of Appellate Procedure 4(c), we conclude that his earlier February 14 letter should be construed as a timely notice of appeal. *See Bacon v. Phelps*, 961 F.3d 533, 541 (2d Cir. 2020) ("[A]s long as the *pro se* party's notice of appeal evinces an intent to appeal an order or

---

[1] Along with the judgment, the District Court issued a Summary Order which erroneously stated that the Magistrate Judge's "recommendation was premised upon Animashaun's failure to exhaust his administrative remedies." ECF No. 49, at 3. The District Court later acknowledged its mistake — since the Magistrate Judge did not reach a recommendation on the exhaustion issue — but noted that the error was "irrelevant" because the Order explicitly adopted the full Report and Recommendation, which did conclude that Animashaun had failed to establish an Eighth Amendment violation. *See* ECF No. 61.

2

judgment of the district court and appellee has not been prejudiced or misled by the notice, the notice's technical deficiencies will not bar appellate jurisdiction." (internal quotation marks omitted)).

Turning to the merits: The District Court properly granted Regner's summary judgment motion. "To state an Eighth Amendment excessive force claim, an inmate must establish that the conduct alleged is 'sufficiently serious' to reach constitutional dimensions." *Hogan v. Fischer*, 738 F.3d 509, 515 (2d Cir. 2013) (quoting *Farmer v. Brennan*, 511 U.S. 825, 834 (1994)). In other words, "the Eighth Amendment's prohibition against cruel and unusual punishment does not extend to *de minimis* uses of physical force, *provided that the use of force is not of a sort repugnant to the conscience of mankind.*" *Sims v. Artuz*, 230 F.3d 14, 22 (2d Cir. 2000) (internal quotation marks omitted). Importantly, "[t]his inquiry is context specific." *Hogan*, 738 F.3d at 515 (internal quotation marks omitted).

Here, the District Court reasonably concluded that, in the circumstances presented, the alleged verbal harassment and spitting were insufficient to state an Eighth Amendment claim. *See Purcell v. Coughlin*, 790 F.2d 263, 265 (2d Cir. 1986) (per curiam); *cf. Brandon v. Kinter*, 938 F.3d 21, 42 (2d Cir. 2019). Nor, in these circumstances, did the alleged throwing of an unknown green liquid that smelled like disinfectant amount to a constitutional violation. *See Hudson v. McMillian*, 503 U.S. 1, 9 (1992) ("[N]ot . . . every malevolent touch by a prison guard gives rise to a federal cause of action.").

We have considered all of Animashaun's remaining arguments and find them to be without merit. Accordingly, the January 21, 2020 judgment of the District Court is **AFFIRMED**.

FOR THE COURT:
Catherine O'Hagan Wolfe, Clerk